**Wytheville.**

FOSTER v. CITY OF MANCHESTER.

June 16th, 1892.

1. JUDGMENTS—*Conclusiveness.*—A judgment of a court of competent jurisdiction upon a question directly involved is conclusive of that question in another suit between the same parties. *Fishburne* v. *Ferguson*, 85 Va. 324.

2. RES JUDICATA—*Obstruction—Condemnation.*—Where judgment is rendered for city in street condemnation proceedings, the land-owner cannot, in a prosecution for obstructing the street, defend on the ground that the proceeding was illegal.

3. DEFENSES.—Defenses allowed by Code, §§ 1074 and 1075, must be made, if made at all, in the condemnation proceedings.

Argued at Richmond.   Decided at Wytheville.   Error to judgment of hustings court of city of Manchester in a prosecution by the said city against John H. Foster for obstructing a public street.   Judgment being against Foster, he appealed. Opinion states the case.

*J. M. Gregory*, for plaintiff in error.

*Wm. I. Clopton*, for defendant in error.

LACY, J., delivered the opinion of the court.

The plaintiff in error was prosecuted under the city ordinance for maintaining a fence across a part of what was alleged to be a public street of the said city, and resisting the city officials in their attempt to remove it.   The plaintiff in error resisted the removal of the fence upon the ground

that the street in question had not been legally opened through and over his land, and that all the proceedings looking to said condemnation were null and void. The mayor, who is a police justice, imposed a fine of $11, under a warrant issued by himself, and upon an appeal the hustings court affirmed the judgment of the mayor and police justice; whereupon the case was brought here by a writ of error.

The alleged errors complained of are not assigned in the proceedings in this case. The act is admitted of constructing a street, which has been laid off by condemnation proceedings by the town; but the defense is that the condemnation proceedings by which the street was opened are erroneous and illegal and null and void.

The city of Manchester gave notice to the plaintiff in error, Foster, of the intention, on a day named, to apply to the court by law appointed for the purpose, for the appointment of commissioners, pursuant to the provisions of chapter 46 of the Code of Virginia, for the assessment of damages for the land taken from him, which was necessary for Semmes street—the street in question. The said Foster accepted service, as follows:

"I acknowledge legal service of the above notice, and designate my friend, ——— ———, to attend to my interests.

"JOHN H. FOSTER."

The law requires that the hustings court shall appoint five disinterested freeholders, any three of whom may act, to ascertain the value of land needed in said case, if the council or town cannot agree on the terms with those entitled to the land wanted (sec. 6, chap. 56, Code 1873), and that ten days' previous notice shall be given to the tenant of the freehold (sec. 7, chap. 56); and the seventh section also provides that if there be no such tenant within the corporation, the

notice, instead of being served personally, may be published and posted in lieu of personal service. When the commissioners have acted, then their report is returned to the court appointing them, and the party who so desires may object and show cause against the report; and the judgment of the court on the subject is final, unless reversed by writ of error.

The objection to the legality of the condemnation proceedings is for want of notice to the tenant of the freehold, and that the record does not affirmatively show that any effort was ever made to agree with the person entitled to the land upon the amount of compensation which should be paid for the land, before the proceedings were had; and because the local assessment for betterments were equal to the compensation allowed in the condemnation proceedings.

The first question we have to consider arises upon the fact that the record shows upon its face that all the proceedings were as the law directs, unless there be want of notice to the tenant of the freehold, such as the law directs. And the court certifies that the plaintiff in error had ten days' previous notice. Throughout the condemnation proceedings there is no exception to any ruling of the court, nor is there any appeal in that case from first to last. This judgment, of a court of competent jurisdiction, with all the parties in interest before it, is now assailed upon the grounds above stated. If the defendant, in the condemnation proceedings, had any defenses which he could have made when that case was pending, he waived them in that case, and he comes too late, after final judgment, when he seeks to raise these same questions in this proceeding, which he could have raised, but declined to raise, in the first case, and suffered the matter to be adjudicated against him; and now seeks to defend his action in obstructing a street of the town upon the ground that it is no street, overlooking the fact that in certain legal proceedings, in a court of competent jurisdiction, in which he was a party,

this street has been adjudged to be a lawfully-established street, and to which judgment he has not excepted in any form at any stage, in which he has acquiesced, and from which he has not appealed. The matter has become finally adjudicated and determined, and Semmes street being a public street of the city, lawfully established, he has no more right to obstruct it than any other citizen of the city.

The proceedings were all in accordance with law, and the record of that case furnishes no justification for the acts prosecuted in this. A judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties. Min. Inst., Vol. IV., p. 719; *Fishburne* v. *Ferguson*, 85 Va. 324; *Diehl* v. *Marchant*, 87 Va., p. 449. The judgment of the hustings court upon the condemnation proceedings was final in the premises and conclusive of the question involved here. It follows that the judgment of the hustings court, appealed from here, must be affirmed.

JUDGMENT AFFIRMED.