# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### TARTER v. WILSON, ADM'R OF CATHERINE TARTER, AND OTHERS.

#### JULY 15, 1897.

#### Absent, Riely, J.

1. RES JUDICATA—*Second Suit Between the Same Parties—What Not Concluded.*—In a second suit between the same parties or their privies, a complainant, who was a defendant to the first suit, will not be estopped from asserting a claim which, though mentioned in a general way in his answer in the first suit, was not put in issue by the pleadings in that suit, and was not passed upon in that suit, and could not have been properly passed upon therein. Proving a case not made by the pleadings does not authorize the court to pass upon such extraneous matter, except by consent. In the case at bar the subject matter of the suit is not concluded by the proceedings in the first suit.

Appeal from a decree of the Circuit Court of Wythe county, pronounced July 13, 1894, in a suit in chancery, wherein the appellant was the complainant, and the appellees were the defendants.

*Reversed.*

The opinion states the case.

*C. B. Thomas,* for the appellant.

*Jos. W. Caldwell,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The appellant filed his bill in the Circuit Court of Wythe

county, in which he alleged that Elijah Tarter departed this life in the year 1878; that his widow, the appellant's mother, qualified as administratrix of his estate and executed bond as such upon which appellant and his brother, M. J. Tarter, were sureties; that a suit was instituted against the administratrix and others for a full and final settlement of her decedent's estate, and in that suit two decrees were rendered against her as such administratrix in favor of the appellant as guardian of his sister, E. M. Wilson, one at the September term, 1884, for $393.62, and the other at the March term, 1885, for $26.60; that these sums were not paid by the administratrix during her life, nor had they been paid since her death; that in a suit brought by E. M. Wilson and her husband against the appellant as her guardian he was charged with those sums as of October 10, 1885, (although he had not collected them), and required to pay them. He also alleged that he was advised that, inasmuch as he had been compelled to account for and pay these sums by reason of the fact that he was the surety of his mother on her administration bond, he was entitled to recover from her estate the amounts so paid, with interest, so far as there were assets belonging to her estate with which to pay them, and to recover from his co-surety on the administration bond one half of the residue; and that the assets of her estate were insufficient to reimburse him.

He also alleged that his mother in her life time had obtained a decree against him for the payment of $125.00 per year as long as she lived, beginning on the 15th day of May, 1887; that she died on the 21st day of March, 1890, before the amount so decreed her had been paid; that proceedings had been taken to revive that decree in the name of her administrator, Wilson, and that an execution thereon had been, or soon would be, issued for its collection; that he had the right to set off the amount he had been compelled to pay as surety for his mother against that decree which constituted all the assets of her estate, and prayed that Wilson, administrator of Mrs. Tarter, M. J. Tarter,

his co-surety on her administration bond, and W. Thorn, sheriff, be made parties defendant to the bill, and answer the same, but not under oath; that a decree be rendered in his favor against her estate for the sums paid by him as surety for her, and that he be allowed to set off the same against the amount which he owed his mother's estate on account of the annuity decreed her; that the collection of that decree be perpetually enjoined, and in the event that the assets of her estate were not sufficient to pay the whole amount which he had paid for her as surety that his co-surety, M. J. Tarter, be required to pay one half of the residue, and for general relief.

Wilson, the administrator of Mrs. Tarter, filed an answer to the bill in which he did not admit any of its allegations, but averred that the claims which were set up in the bill had been set up as a cross demand in the suit of Catherine Tarter against the appellant, in which the decree for the annuity had been rendered, and rejected by the court, and relied upon the decree and proceedings in that cause as a complete bar to the appellant's demand. He also averred that the alleged payments made by the appellant for his mother were not made as surety for her, but on account of debts due by him to her as administratrix of Elijah Tarter's estate, and with which she had been charged in the settlement of her administration account made in the cause of *J. W. Tarter* v. *Catherine Tarter, administratrix,* and others, although she had not then collected the same; that the appellant and M. J. Tarter were not only the sureties upon her bond as administratrix, but were also her agents to perform the duties of her office, and in charge of and accountable to her for all the assets for which she was chargeable, and that the respondent as her administrator was entitled to an account from them as her agents, and to that end prayed that his answer might be taken as a cross-bill in that behalf, and such proceedings had therein as might be proper in the premises.

The records referred to in the bill and answer were filed in the case as exhibits, and a decree rendered directing one of the

commissioners of the court to take an account in the case show-
ing what amount the appellant had paid as surety for his mother
on her bond as administratrix of Elijah Tartar; in what amount
M. J. Tarter was indebted to appellant as co-surety on said bond
of administration, by way of contribution, and also directing him
to settle the accounts of these sureties as agents of Mrs. Tarter
in the administration of her husband's estate, and to report any
other matter deemed pertinent by himself or required by the
parties.

This decree reserved the question whether the claims set up in
the bill of appellant had been adjudicated in the case of *Tarter* v.
*Tarter*.

When the commissioner made his report, numerous exceptions
were filed to it by the appellant, and by Wilson, administrator
of Mrs. Tarter. Upon a hearing of the cause the court was of
opinion that "the defence of *res judicata* put into said bill by
the defendant be sustained as to all the items of the plaintiff's
claim, except the payments he claims to have made as surety
for his mother on account of the decree of Wilson and wife
against him in the proceedings mentioned, but be overruled as
to the payment last mentioned, and, without passing now on any
of said exceptions, said commissioner's report be recommitted to
him to be reformed in the light of this decree, and with instruc-
tions to make report showing how much of the payments of the
plaintiff last mentioned were made in the life time of Catherine
Tarter, and how much after her death　＊　＊　＊."

Upon the coming in of the report directed, the court was of
opinion that all the claims set up in the appellant's bill, except
two sums paid after Mrs. Tarter's death, had been adjudicated in
the case of *Tarter* v. *Tarter*, and so decreed.

It also decreed that the exceptions of Wilson, administrator,
to the first report of the commissioner, so far as they were in-
consistent with the opinion of the court, should be over-ruled, and
the report so far as it was consistent with the opinion of the
court be confirmed, the injunction theretofore awarded dissolved,

except as to the sums paid by appellant after his mother's death; that appellant pay one half of the costs, and the defendants the other half, and that the cause be stricken from the docket, without prejudice to any claim the appellant might have against Wilson, administrator, to share in the assets of his mother's estate, and to any right which he might have against his co-surety, M. J. Tarter.

From that decree this appeal was taken.

The only error assigned by the appellant in this cause is that the Circuit Court erred in holding that the demand set up in his bill in this case was adjudicated in the cause of Catherine Tarter against appellant.

Catherine Tarter, some years prior to the institution of that suit, had conveyed certain real estate and personal property to the appellant in consideration that he would, during her natural life, comfortably maintain and support her at his home as a member of his family, and, in the event she desired to reside with someone else, he bound himself to pay all reasonable charges for her board. The object of that suit against the appellant was to set aside that conveyance on the ground that it was procured by fraud, or, if that could not be done, to compel him to pay her board, and perform the other duties which the terms of the conveyance imposed upon him.

To that bill the appellant filed his answer, in which he denied all fraud, averred his willingness to support his mother at his own home, or, if she preferred to remain with her daughter, where she then was, or elsewhere, to provide and pay for her maintenance and support such sum as the court might determine to be reasonable and right. He further answered that he had expended upon the land conveyed to him $1,200 or $1,500 in erecting buildings and other permanent improvements; that since the conveyance was made he had paid $400 of debts due from his mother, and that he and his brother were bound as surety for her to the extent of $500, although she represented to him when the conveyance was made that she owed no debts

that would interfere with her right to make the sale; denied her right to have the sale rescinded, and prayed to be dismissed with his costs, &c.

Depositions were taken in the cause, and among others that of the appellant, in which he testified to the various sums he had paid for his mother, and the amount for which he was bound as surety for her.

Upon a hearing of the cause the court refused to set aside the conveyance as prayed for, but held, as appellant admitted, that by the covenants contained in the conveyance his mother had the right to reside elsewhere than with appellant, and that, having made her election to do so, she was entitled to receive a reasonable sum for her support and maintenance during her life from the appellant. The court fixed that sum at $125.00, annually, payable on the 15th of May of each year, and so decreed, and ordered the cause to be stricken from the docket.

The pleadings in that cause did not put in issue the claims set up by the appellant in his bill in this cause. It is true, that they were mentioned in his answer in a general way, but he did not set them up as a cross demand or set off against his mother's demand, nor ask in his answer for any relief based upon them. It was not necessary for the court to pass upon them in determining the questions raised by the bill, and, under the pleadings in the cause, it would have been improper to do so. Proving a case not made by nor within the pleadings does not authorize a court, except by consent, to pass upon such extraneous matters. The decree in that case does not refer to those claims, nor is there anything in it to indicate in any way that the court intended to pass upon them, and it will not be presumed that the court did, or attempted to do, what it had no right to do under the pleadings in the cause.

In the case of *Niday* v. *Harvey*, reported in 9 Gratt. 454, a claim was made in the defendant's answer, which had no connection with the relief sought in the bill, and was not necessary to be decided in determining the case made by the bill. Though

the court in its decree expressed an opinion in favor of the defendant, this decree, it was held, did not conclude the question when it was afterwards set up by the defendant in a cross bill in the cause.    See also *Fishburne* v. *Ferguson,* 85 Va. 321, *Mundy* v. *Vawter,* 3 Gratt. 494, 528.

We are of opinion, therefore, that the court erred in sustaining the defence of *res judicata* as to any part of appellant's demand.

In the present condition of the record here, which only contains extracts from the record in the trial court, it is impossible for this court to pass upon the report of Commissioner Fulton filed February 10, 1893, and the exceptions filed thereto, and to enter such decree as the Circuit Court ought to have entered. The decree complained of must therefore be reversed, and the cause remanded to that court for further proceedings to be had therein in accordance with the views expressed in this opinion.

*Reversed.*