# Richmond

EDWARD L. SPRINGER V. JOSEPH L. GADDY.

April 10, 1939.

Record No. 2053.

Present, All the Justices.

The opinion states the case.

*Carl Budwesky* and *Phillip W. Austin,* for the appellant.

*Lawrence W. Douglas* and *Waller B. Smith,* for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

This suit in equity was instituted by appellant against appellee to enjoin him from violating certain equitable restrictions set forth in a deed of dedication executed by the Arlington Investment Corporation.

The bill of complaint sets forth the basis for the suit, and is as follows:

"1. That Complainant is the owner of Lot 'B', Section 2, of the Subdivision of Waycroft as the same is shown upon the plat accompanying the Deed of Dedication of said Subdivision of Section 2, Waycroft, recorded among the land records of Arlington County, Virginia, in Deed Book 331 at Page 68.

"2. That the Defendant Joseph L. Gaddy is the owner of Lots 12, 13, and 14 of said Subdivision of Section 2, Way-croft.

"3. That said Lots 12, 13, and 14 are located at the southeast corner of the intersection of Washington Boulevard (Memorial Drive) and North Aberdeen Street (Hoyt Avenue) and that the property belonging to the Complainant is located on the east side of said North Aberdeen Street (Hoyt Avenue) and immediately south of the property belonging to the Defendant being separated therefrom by a fifteen-foot alley extending eastward through the square from North Aberdeen Street (Hoyt Avenue).

"4. That in the Deed of Dedication of said Subdivision of Section 2, Waycroft, duly recorded as aforesaid among the land records of Arlington County, Virginia, in Deed Book 331 at Page 68, and to which Deed of Dedication reference is here made as though same were fully set forth herein in words and figures, one of the restrictions appearing in said Deed of Dedication and constituting a covenant running with the land and inuring to the benefit of all the owners of the property in said subdivision of Section 2, Waycroft, is the following:

" '6. (b) In Lots "A" and 1 to 14, inclusive, no building nor any part thereof shall be erected less than ten (10) feet of any property line binding on a street.'

"That said lots 12, 13, and 14, belonging to the Defendant and above referred to are a part of the lots described in said paragraph designated 6 (b) in said Deed of Dedication and by the terms of said Deed of Dedication the owner of any of said lots is prohibited from erecting any structure or building less than ten (10) feet from any property line binding on a street.

"5. That said Defendant, however, notwithstanding said restrictions above referred to, is now engaged in constructing a building upon said Lots 12, 13 and 14, of Section 2, Waycroft, and a portion of said building extends beyond the building restriction line as established by said Deed of Dedication on North Aberdeen Street (Hoyt Avenue) a

portion of said building being, in fact, only 5.05 feet from the lot line as established for said Lots 12, 13 and 14 belonging to Defendant binding on North Aberdeen Street (Hoyt Avenue) whereas under the terms of said Deed of Dedication no portion of said building should be erected less than ten (10) feet from the lot line of said lots on North Aberdeen Street (Hoyt Avenue).

"6. That the restrictions as set out in Deed of Dedication prescribing the building line for said Lots 12, 13 and 14 of said Subdivision belonging to the Defendant, constituted a part of the consideration to your Complainant in his acquisition of said Lot 'B' of said Subdivision above referred to, that the construction of said building by the Defendant in violation of said covenants and restrictions above referred to constitutes a breach and violation of the contractual rights of your Complainant and the construction and maintenance of said building now being erected on said Lots 12, 13 and 14 above referred to by the Defendant unless enjoined and its removal decreed, will cause your Complainant to suffer irreparable damage and loss.

"In consideration whereof, your Complainant would therefore pray that said Joseph L. Gaddy may be made party defendant in this cause, that all proper process in the course hereof may issue against him, that he may be required to answer this bill, but not under oath, that your Complainant may be awarded a permanent and perpetual injunction to enjoin and restrain the further construction by the said Defendant of a building or structure on Lots 12, 13 and 14, of the Subdivision of Section 2, Waycroft, within ten (10) feet of the lot line of said lots on North Aberdeen Street (Hoyt Avenue), that said Defendant may be required to remove such portion of said structure already erected as may be within ten (10) feet of the lot line of said lots abutting on the east side of North Aberdeen Street (Hoyt Avenue), and that your Complainant may have all such other, further and general relief in the premises as the nature of this case may require or to equity shall seem meet, and he will ever pray, etc."

In his answer to the bill of complaint, appellee admits the allegations contained in paragraphs one, two and three, and admits all of paragraph four except that portion which states that he was prohibited from building a structure closer than ten feet from the property line abutting on the street. It is also admitted in the answer that the building erected by appellee is within 5.05 feet from the easterly line of Aberdeen street. The answer also contained an allegation that the deed of dedication was recorded the 30th day of December, 1931; that at that time the real estate involved was, under an ordinance of the board of supervisors of the county, zoned as "Residential A" property; that subsequent to that ordinance, the property was re-zoned, by proper ordinance, from residential to "Local Business"; and that, in law, the zoning ordinances superseded the deed of dedication.

Appellee, in his brief, concedes that the contention that the zoning ordinances are paramount to the restrictions embodied in the deed of dedication is untenable. That *concessum* makes it unnecessary to consider the action of the court in refusing to sustain the replication of appellant calling for a ruling by the court as to the law applicable in the premises.

The case was heard upon the bill, the exhibits filed therewith, the answer of appellee and the testimony of witnesses heard by the court. Upon the conclusion of the evidence, the court entered a decree denying the injunction and dismissing the bill. From that decree this appeal was allowed.

In addition to the facts admitted in the answer of appellee, it is disclosed by the record that appellee, while testifying as a witness in his own behalf, made the following admissions: That he was a builder of long experience; that he was cognizant of the fact that building restrictions were embodied "in most" deeds of dedication; that at the time of his purchase he saw a plat of the subdivision; that he actually knew that he was violating the provisions of the deed of dedication before the foundation to his store building was completed; that at that time the cost of rectifying his

mistake would have been two or three hundred dollars; that he was advised to secure a deed of release from appellant; that he presented a deed of release to appellant who refused to sign it, for the reason that the consideration could not be agreed upon; that prior to the erection of his first building he applied for a loan and was notified "that the deed of dedication called for a ten-foot set-back in Aberdeen street"; that he tried a second time without success to secure a deed of release from appellant; that he notified the loan company to that effect and was advised that it was not necessary to secure a deed of release, and the loan was made; that he also consulted the county building inspector and was advised that the zoning ordinance was paramount to the restrictive provisions of the deed of dedication; that acting upon the advice received, he disregarded whatever rights appellant may have had under the deed of dedication and erected upon his lot a store building, with two apartments above, and a garage, both within the restricted area—the garage being one foot from the east line of Aberdeen street.

Appellee contends that the decree complained of is plainly right, for the following reasons:

"1. The injury to the appellee, Gaddy, through the award of an injunction would be entirely disproportionate to any possible benefit to the appellant.

"2. A mandatory injunction will not be decreed where the complainant has an adequate remedy at law by recourse to an action for damages.

"3. The evidence fails to disclose such a building plan or scheme for the development of the Subdivision of Section 2, Waycroft, as would entitle the appellant to enforce a restrictive covenant binding upon the appellee, but not upon himself.

"4. The appellant is estopped from seeking injunctive relief."

The contention of appellant is that "injunction is the only fair and adequate relief to prevent violations of restrictive covenants running with the land and that the

restrictions set out in the deed of dedication of section 2, Waycroft, are valid and reasonable."

Stripped of technicalities and embellishments, the question in the case is, shall the appellee be permitted to use his land in a manner inconsistent with the restrictive provisions of the deed of dedication filed by the common grantor, and if so, is the injury compensable in damages?

█ In Northrup on the "Law of Real Property," page 377, it is said: "A purely equitable doctrine, of great importance in growing cities and entirely distinct from the common law doctrine of covenants running with the land, has arisen in modern times. It is often referred to, from the English case that is its foundation, as the doctrine of *Tulk* v. *Moxhay*. It is also called the *doctrine of restrictive covenants in equity,* and the rights and obligations established by it are known as *equitable easements* and *equitable servitudes*. The doctrine is, in brief, that when, on a transfer of land, there is a covenant or even an informal contract or understanding that certain restrictions in the use of the land conveyed shall be observed, the restrictions will be enforced by equity, at the suit of the party or parties intended to be benefited thereby, against any subsequent owner of the land except a purchaser for value without notice of the agreement. The principal purposes of such agreements are to regulate the style and costs of buildings to be erected on a tract that is being sold in parcels for building lots, to restrict their location to certain distances from the street, and to prevent buildings in a locality from being put up or used for any other than residential purposes. Restrictive covenants are most commonly made in connection with such sales of building lots, but the principle of the doctrine of *Tulk* v. *Moxhay* is, of course, applicable to other kinds of restrictions on the use of land, and equitable easements are created for many miscellaneous purposes."

█ In *Couch* v. *Southern Methodist University* (Tex. Civ. App. 1926), 290 S. W. 256, 259, we find the rule relative to restrictions embraced in a deed of dedication to be as follows:

"It may be stated generally, that when a common grantor opens up a tract of land to be sold in lots and blocks, and before any lots are sold, inaugurates a general scheme of improvement for such entire tract intended to enhance the value of each lot, and each lot, subsequently sold by such grantor is made subject to such scheme of improvement, there is created and annexed to the entire tract what is termed a negative equitable easement, in which the several purchasers of lots have an interest, and between whom there exists mutuality of covenant and consideration."

In *Virginian Railway Co.* v. *Avis*, 124 Va. 711, 718, 98 S. E. 638, 640, Judge Kelly said:

"It is well settled that where the grantor has clearly restricted the use of the land granted, and the restriction itself is not illegal, the covenant creates a trust which, in a proper case courts of equity will enforce by means of an injunction against an inconsistent use."

To the same effect is the rule announced in Berry Restrictions on Use of Real Property, section 37. See also, Graves' Notes on Real Property, section 240.

In the railway case just cited, the court decreed the removal of a warehouse, a store-house, a shed and a cotton gin from the property.

It is true that in this class of cases the awarding of an injunction is addressed to the conscience of the court and will not be awarded if to do so would work a hardship out of all proportion to the relief sought. *Cheatham* v. *Taylor,* 148 Va. 26, 39, 138 S. E. 545. But this rule is not applicable where it clearly appears that an injunction is necessary to prevent one from violating the equitable rights of another where he has notice, actual or constructive, of such rights. *Coleman* v. *Coleman,* 19 Pa. 100, 57 Am. Dec. 641.

Counsel for appellee argue that appellant should be denied equitable relief on the ground that his recourse is an action for damages, and cites *Berkeley* v. *Smith,* 27 Gratt. (68 Va.) 892, and *Akers* v. *Mathieson Alkali Works,* 151 Va. 1, 144 S. E. 492, in support of the argument. Those cases

are not in point, as the questions involved are not the same as in the instant case, *viz:* a question of restrictive provisions in a deed of dedication.

The weight of authority is against counsel's contention.

In *Jenney* v. *Hynes*, 282 Mass. 182, 184 N. E. 444, 447, the doctrine is thus stated:

"An owner whose land is subject to equitable restrictions cannot violate them, and when suit is brought against him relieve his property from the restriction by the payment of damages."

The assertion of an equitable right generally negatives the legal right to recover damages for the reason that the measure of damages cannot ordinarily be ascertained while equitable rights are fixed by law.

The contention of appellee that appellant is estopped from seeking injunctive relief is without merit, for the reason that appellee was cognizant of the position of appellant when appellant refused to execute a deed of release.

If we had any doubt of the right of appellant to injunctive relief, that doubt would be removed by the decision of this court in *Cheatham* v. *Taylor*, 148 Va. 26, 138 S. E. 545, 550, which is on all fours with the case at bar. It appears in that case that the Rivermont Company became the owner of two thousand acres of land in Campbell County, abutting the corporate limits of the city of Lynchburg (and now within the city limits). The company surveyed its property and laid it off in city blocks, lots, streets and alleys. It was the purpose of the company to create an attractive residential section, and pursuant to that purpose, it passed the following resolution: "that the building line of so much of Rivermont avenue as is beyond and northwest of Bedford avenue shall be twenty feet from the line of said avenue and no house or any part thereof shall be erected nearer to said street than said line, and all contracts of sale of lots on that part of said avenue and conveyances thereunder shall contain a covenant providing for such structure." A plat of the property was recorded in the clerk's office. In 1911, Cheatham built a residence on one of his lots and a

drug store on the other, both twenty feet from the street line. In 1925, he added fifteen feet to the front of the drug store, thus bringing it to within five feet of the avenue. When Taylor ascertained that Cheatham contemplated building the addition to the front of the drug store which would bring it to within five feet of the street line, he protested the building of the drug store addition, but Cheatham ignored the protest and proceeded to build the same. Taylor brought suit to compel him to tear down and remove all that portion of the drug store within twenty feet of the street line.

The trial court granted the prayer of the bill and required Cheatham to remove what he had constructed within said twenty feet. Cheatham applied to this court for an appeal, which, because of the novelty of the case, was refused in a written opinion of this court. After a review of applicable authorities, Judge Burks said:

"In the instant case, whether the covenant be strictly a covenant running with the land or not, in a purely technical sense, it was an agreement that the lot purchased should at all times stand bound by the restrictive provision. It was a part of the contract of the grantee, and even upon the theory of the petitioner that his contract of purchase was the sole measure of his obligation to respect the rights of other purchasers of lots, his lot is bound, into whosesoever hands it may pass, by the restrictive covenant. It is diffiicult to see what other construction can be placed upon it. Looking to the intention of the parties as gathered from the deeds to the petitioner and his predecessor in title, and the surrounding facts and circumstances, we have no difficulty in concluding that the petitioner had no right to extend his building beyond the line prescribed by the restrictions."

From all the facts and circumstances, together with the admissions of appellee, it is apparent that appellee deliberately, if not defiantly, sought to abrogate the rights of appellant in the Waycroft estate secured to him by the deed of dedication. If by reason of his contumacious wrong-

doing appellee has suffered pecuniary loss, he has only himself to blame.

The decree of the lower court will be reversed and annulled and this court will enter a decree in conformity with the prayer of the bill of complaint.

*Reversed.*