353 P.2d 350

**Ruth C. FINLEY, Plaintiff-Appellant,**

**v.**

**Paul M. BATSEL and James Hastings, Defendants-Appellees.**

No. 6651.

Supreme Court of New Mexico.

June 16, 1960.

White & Rhodes, Albuquerque, for appellant.

Allen M. Tonkin and R. Hugo C. Cotter, Albuquerque, for appellees.

COMPTON, Justice.

Appellant, plaintiff below, part owner of lot 2, block 27 of McDuffie Place, Unit No. 2, an addition to the City of Albuquerque, brought this action to enjoin the violation of building restrictions by appellees in the establishment of a parking lot adjacent to her property.

Appellees are the owners of lots 1 and 34 of block 27, and all of block 28 of the subdivision. Block 28 is bounded on the north by block 27, on the south by Las Lomas, and both blocks are bounded on the east by Carlisle Avenue and on the west by Amherst Avenue. The dedication of the subdivision by the owners, in part, reads:

"Dedication of McDuffie Place Unit No. 2 and Charge Upon Real Estate of Restrictions Running With the Land

"Whereas, The undersigned, present owners of the lots and blocks in McDuffie Place, Unit No. 2, an Addition to the City of Albuquerque, New Mexico, hereinafter described by metes and bounds have on the date hereof filed a plat and dedication thereof in the office of the County Clerk and Recorder of Bernalillo County, New Mexico; and

"Whereas, It is the desire and intention of the undersigned to create and establish, and there is hereby created and established by these presents, a general building plan for McDuffie Place, Unit No. 2, an Addition to the City of Albuquerque, Bernalillo County, New Mexico, inuring to the benefit of, and creating correlative duties in, the undersigned and all subsequent pur-

chasers and grantees from and of undersigned, having as its objective the establishment, creation and maintenance of a high class and type residential district of the City of Albuquerque, New Mexico; and

"Whereas, It is the intention of the undersigned by this declaration of building restrictions to charge the herein described premises with said building restrictions and subsequently created building restrictive covenants hereinafter set forth.

"Now, Therefore, The undersigned, being the owners of all the lands now affected by the filing of the plat of McDuffie Place Unit No. 2, an Addition to the City of Albuquerque, Bernalillo County, New Mexico, hereby consent that the street, alleys and park as shown on the said plat shall be dedicated as thereon indicated and specified and that the said above and foregoing subdivision known as McDuffie Place Unit No. 2, an Addition to the City of Albuquerque, Bernalillo County, New Mexico, described as follows:

\*   \*   \*   \*   \*   \*

"There is hereby created and established a building plan for the improvement of said subdivision and to be followed in the erection of any dwelling places or buildings hereinafter allowed to be constructed for use in connection therewith, and for the use and occupancy of any of the premises which shall hereafter be granted and conveyed by the undersigned; said common building plan and development project to consist of the following listed building restrictions, which upon acceptance of a deed to any lot in said subdivision shall ripen into restrictive covenants which shall run with the land, and be approved, accepted, and assumed by all grantees of said premises of the undersigned and all of the premises described in and appearing on the Plat of Mc-Duffie Place Unit No. 2, an Addition to the City of Albuquerque, New Mexico, are hereby charged with the said building and development plan and restrictions in the following manner and particulars, to-wit:

"1. There shall not be erected any structure other than one single family dwelling, not to exceed two stories in height, and a one or two car garage upon any one lot conveyed or any part thereof, except Block 28, which is hereby restricted to duplexes, triplexes, apartments and business buildings.

"2. There shall not be used any building to be erected upon any lot conveyed or any part thereof for any other purpose than that of a private dwelling house only; Provided, that this restriction shall not prevent the use of any building as a private garage

or for servants' quarters, or other purposes purely incidental to the use of a private dwelling house. .

\* \* \* \* \* \*

"Block 28 of said subdivision is hereby restricted to duplexes, triplexes, apartments and business buildings.

\* \* \* \* \* \*

"12. The above and foregoing restrictions upon the erection of improvements on said land and the use and occupancy of said premises, are hereby made and constituted a charge upon said land, and to run with the land and shall be binding upon all grantees of undersigned and all persons or corporations holding under said grantees; \* \* \*"

It was alleged that appellees, shortly prior to the bringing of this action, purchased lots 1 and 34, block 27, removed the dwellings therefrom, and are now using the lots for the convenience of customers and employees of the commercial area, block 28, for parking automobiles, all in violation of the restrictive covenants previously mentioned. In response, appellees asserted that appellant had an adequate and speedy remedy at law, and that the original purposes of the covenants had been defeated due to changed conditions.

On the issues presented, the trial court found that the use of the commercial area and adjacent properties had increased tremendously, causing parking in the commercial area to overflow into the residential area, thereby creating a serious hazard, and that off-street parking facilities, the use of lots 1 and 34, would alleviate this condition. The lower court also found that the city zoning commission had consented to appellees' use of lots 1 and 34, block 27, for off-street parking in accordance with ordinances of the city. The court also found that the city traffic engineer had found that parking in the area, presumably on Carlisle and Amherst, had created a hazard and that this condition could be minimized by off-street parking. The court also found that appellant had an adequate legal remedy. The court then concluded "that a change in conditions which justifies a different use of the property owned by Defendants has occurred within the area," denied injunctive relief and dismissed appellant's petition. The cause is here for review of alleged errors.

▆▆▆ The sufficiency of the evidence to support the findings of the court is challenged on appeal. After a careful consideration of the record, and viewing the evidence and findings in a light most favorable to appellees, we are forced to the conclusion that the findings have no support in the evidence, nor do the findings lend support to the conclusion reached by the court. The subdivision consists of 5 blocks; block 28, and 4 blocks containing 64 lots as residential area, a city park area, and there is a

dwelling on each lot of the residential area conforming to the restrictive covenants. The record is devoid of evidence that the subdivision itself has been changed in any manner until appellees began to make use of the restricted area for parking purposes. And it is clear that the restrictions imposed on the subdivision are not impaired in any manner by the action of the zoning commission or by the finding of the city engineer. Chuba v. Glasgow, 61 N.M. 302, 299 P.2d 774. We quote with approval from Jenney v. Hynes, 282 Mass 182, 184 N.E. 444, wherein that court held:

"An owner whose land is subject to equitable restrictions cannot violate them and when suit is brought against him relieve his property from the restrictions by the payment of damages."

To the same effect are Springer v. Gaddy, 172 Va. 533, 2 S.E.2d 355 and St. Lo Const. Co. v. Koenigsberger, 84 U.S.App.D.C. 319, 174 F.2d 25, 10 A.L.R.2d 349.

■ Admittedly, there has been a radical change in the surrounding area due to the progress of the city. Many subdivisions, particularly to the east and north, have been created. Las Lomas now is one of the major thoroughfares with a heavy flow of traffic, but such outside traffic affords no basis for the lifting of the restrictions within the subdivision. Chuba v. Glasgow, supra.

■ Appellees strongly assert, and the court so found, that traffic in the area surrounding block 28 is such that a hazard exists and this hazardous condition can only be alleviated by appellees' use of lots 1 and 34 for parking purposes. This finding was on the theory that no other parking space was immediately available. We are unable to share this view. Appellees themselves are at fault; they created the very condition of which they complain by extending block 28 commercially until now the entire block is covered with business buildings, leaving no parking space whatever for the patrons of the commercial area. If by such conduct restrictions may be lifted, then the common building plan of the dedicators was a failure from the start. Chuba v. Glasgow, supra. We are prompted to pose the question, would it not be just as logical to minimize the traffic hazard due to on-street parking if appellees would reduce the size of the commercial area?

We conclude the trial court erred in denying appellant injunctive relief. It follows the judgment must be set aside and the cause remanded with direction to enter judgment for appellant for the relief sought.

It is so ordered.

McGHEE, C. J., and CARMODY, MOISE and CHAVEZ, JJ., concur.