James B. Haskins

    v.

Kenneth Ray Lipscomb

February 8, 1973

By JUDGE WILLIAM W. SWEENEY

Argument on the defendant's special pleas were heard in this court on November 24, 1972, after which counsel were given time to submit authorities. It is my understanding that the complete record in the case of Kenneth Ray Lipscomb v. James Bradshaw Haskins which was commenced in the Circuit Court for Campbell County on December 15, 1970, and in which final judgment was entered by this court on April 26, 1971, has been or will be made a part of the record in the captioned pending case for purpose of the pleas. I have considered the record in the Lipscomb v. Haskins case, the authorities submitted by counsel, and the notes which I made at the hearing.

The issue before the court on the defendant's pleas is whether the judgment of this court entered April 26, 1971, may now be asserted as res judicata in the captioned case after the Supreme Court of Virginia granted a writ of error to such judgment and after the writ of error was dismissed at the request of Lipscomb's attorney. Clearly, if there had been no appeal, the principle of res judicata would apply because the parties, the issues, and the forum were the same and the case was resolved by a jury in favor of the plaintiff in that case, Lipscomb. As the Supreme Court said in the recently decided case of Saba Apartments,

Inc. v. Lang, 213 Va. 473 (decided January 15, 1973), the party pleading res judicata has the burden of proving that "the very point or question was in issue and determined in the former suit". See also, Worrie v. Boze, 198 Va. 533, 95 S.E.2d 192 (1956). Fishburne v. Ferguson, 85 Va. 321, 7 S.E. 361 (1888). Therefore, the question is whether the general rule would be changed by the fact that an appeal was taken and a writ of error awarded and then dismissed at the request of counsel before any appellate determination was made. I do not think that it would and it is my opinion that the pleas alleging res judicata, when considered with the record in the former case, should be sustained.

Haskins had his day in court. The jury heard the evidence and decided against him in the same accident. That judgment is now final in this court and it is my understanding from the hearing that it has been marked satisfied, although I am not sure of this. The judgment of a circuit court is final after 21 days. It can be changed on appeal but unless and until it is changed, it remains final. When counsel voluntarily elected to drop the appeal, the inchoate possibility of a modification of the final judgment in this court expired. Otherwise expressed, the yoke never became a chicken, but remained an egg.

The question of whether a judgment operates as res judicata during the pendency of an appeal is not directly before me but even then there is respectable authority that it does. A fortiori, a final judgment which under Virginia law remained final until disturbed operates as res judicata where the appeal is voluntarily withdrawn at the request of the appellant, assuming, of course, that the other requirements of res judicata are met. The weight of authority of the decided cases in this country seems to support this conclusion. For example, at an annotation at 9 ALR 2d 984, 986, "Judgement as res judicata pending appeal, etc.," it is stated:

> Attention is drawn to the fact that the courts, while generally agreeing that a

judgment is res judicata after an appeal therefrom has been voluntarily dismissed, do not agree as to whether the same rule applies where the trial before the appellate court is de novo, some courts holding that in such a case a judgment is, and other courts holding that is not, res judicata, after the appeal has been voluntarily dismissed.

In Virginia, an appeal to a court of record from a lower court is de novo but an appeal to the State Supreme Court is not. See also Thompson v. Graham, 92 A. 118 (Pa. 1914).