# CIRCUIT COURT OF THE CITY OF RICHMOND

Colonial Marble
Products, Inc.

v.

David Payne

June 7, 2006

Case No. CH05-1419

BY JUDGE MELVIN R. HUGHES, JR.

In this suit for specific performance, Plaintiff is Defendant's former employer. Plaintiff requests that the court require Defendant to transfer sixty shares of the company's stock that he obtained under a Stock Purchase Agreement when he became employed. Now that Defendant has left the company, Defendant refuses to restore the stock, though Plaintiff has demanded its return. Plaintiff is a small closely held family corporation, not publicly traded, in the business of selling and installing bathroom fixtures.

Under the terms of the Stock Purchase Agreement, Defendant agreed to purchase the shares for $6,000 when he became employed as a Customer Service representative and installer. In fact, Defendant never paid the $6,000 nor did Plaintiff ever demand it. Plaintiff's representative stated that no demand was ever made because the stock is not worth anything. Both corporate representatives testified that the stock either has very little value or that value is difficult to ascertain. The Agreement calls for the company to buy back the stock upon Defendant's termination within five years of the date of the Agreement. Defendant testified that, since Plaintiff's corporate officers never demanded payment and otherwise told him the arrangement was for a tax benefit for the corporation, he considers the shares a gift.

In cases where, as here, a contract remedy at law would be inadequate to compensate for non-performance, the remedy of specific performance

requires that the contract be carried out in the particular manner agreed upon. *See Chattin v. Chattin*, 24 Va. 302, 307-08, 427 S.E.2d 347, 350 (1993). Notwithstanding, equity will not grant the remedy if to do so would create a hardship or injustice out of proportion to the relief sought, *Springer v. Gaddy*, 172 Va. 533, 541, 2 S.E.2d 355, 358 (1939); *Cheatham v. Taylor*, 148 Va. 26, 39, 138 S.E. 545 (1927), that which may be ordered is impossible to perform, *Fishburne v. Ferguson*, 85 Va. 321, 328, 7 S.E. 361, 364-65 (1888), it is impossible to define the specific action to be performed, or the decree would necessarily tax the resources of the court. *Pomeroy on Specific Performance of Contracts*, § 307 at 393 (2d ed. 1897). None of these considerations are present. There is a showing of an inadequate remedy at law. The terms of the Agreement to return the stock are clear and direct. In addition, there is no showing of donative intent, despite Defendant's acquisition without payment.

Accordingly, the court will order specific performance.