299 P.2d 774

Joseph CHUBA and Kathryn J. Chuba, his wife, et al., Plaintiffs-Appellees,

v.

W. H. GLASGOW et al., Defendants-Appellants.

Parkland Hills, Incorporated (No Stockholders' Liability), a corporation, et al., Defendants.

No. 6060.

Supreme Court of New Mexico.

July 17, 1956.

Rehearing Denied Aug. 10, 1956.

consists of Blocks 23 and 24, containing 24 lots each; the blocks are separated by Truman Street. The subdivision is bounded by Roma Avenue on the north, San Mateo Boulevard on the east, Marquette Avenue on the south, and Manzano Drive on the west. Appellees are the owners respectively of Lots 13, 14, 17, and 19, Block 24, abutting San Mateo Boulevard. Appellants, and numerous others who are made defendants as a class, are the owners of the remaining lots in Block 24 and all lots in Block 23 to which the restrictions apply.

It is alleged that because of changed conditions within the area surrounding the subdivision, appellees' property is no longer suitable for residential purposes and that its value as such had been destroyed. It was further alleged that benefits of restrictions had been thus defeated. Issue was joined and following a hearing, the court found (a) that no uniform building plan had been established for the subdivision, (b) that the benefits originally intended by restrictions to the dominant property can no longer be accomplished by the continued enforcement of restrictions, and (c) that the original purposes of the restrictive covenants have been defeated. The court then lifted the restrictive covenants and replaced them by permitting certain commercial uses of the premises.

On appeal, appellants challenge the sufficiency of the evidence to sustain the findings. In 1948, Parkland Hills, Inc., filed an

Grantham, Spann & Sanchez, Albuquerque, for appellants.

W. W. Atkinson, Albuquerque, for appellees.

COMPTON, Chief Justice.

Appellees, plaintiffs below, are seeking a declaratory judgment cancelling building restrictions on property owned by them in Heights Reservoir Addition to the City of Albuquerque. The subdivision involved

instrument in the office of the County Clerk of Bernalillo County entitled "Declaration of Building Restrictions", which embraces the subdivision in question except 5 lots in Block 24 abutting San Mateo Boulevard, 5 lots in Block 23 abutting Manzano Drive, and 1½ lots in Block 23 abutting Truman Street, and which provided that "said restrictions and covenants are hereby declared to run with the land hereinafter described and be binding on all parties and all persons claiming under them until January 1, 1968, at which time said restrictions and covenants shall be automatically extended for successive periods of ten years unless by vote of the majority of the owners of the lots it is agreed to change said covenants in whole or in part * * * All lots in the tract shall be known and described as residential lots."

While certain lots were specifically exempted by the Declaration, obviously restrictions were a part of a general plan of the common owner, pursuant to which the subdivision was sold. The evidence discloses that a residence has been constructed on each lot thus restricted. It is also clear that no part of the subdivision has ever been used in violation of the restrictions; and certainly there has been no intention manifested to waive them. Consequently, the original purpose and intentions of the parties have been accomplished. The covenants inure to the benefit of the owner of each lot and so long as they remain of substantial value to the dominant property, equity will restrain their violation. Alamogordo Improvement Co. v. Prendergast, 45 N.M. 40, 109 P.2d 254; Barton v. Moline Properties, 121 Fla. 683, 164 So. 551, 103 A.L.R. 725; Tindolph v. Schoenfeld Bros., 157 Wash. 605, 289 P. 530.

Admittedly, there have been many changes in the surrounding area due to the progress of the city. San Mateo Boulevard is now a major arterial boulevard of four lanes with a heavy flow of traffic which unquestionably renders appellees' property less suitable for residential purposes. The area to the north, east, and south is unrestricted and businesses of various kinds have been established thereon; but these changes, outside the restricted area, do not defeat the purposes of the restrictions. Cases cited, supra.

In Alamogordo Improvement Co. v. Prendergast, supra, we said [45 N.M. 40, 109 P.2d 257]:

"It, no doubt, was contemplated by the parties to the original deeds that the town would 'grow in population,' as the evidence indicates it was open prairie and uninhabited at the time it was platted. The inevitable result of the town's growth was the platting of new additions. As the plaintiff could not own all adjacent property, however extensive its holdings might be, it must necessarily have been in contemplation of the parties that there might

be adjoining property without restriction. * * * If such fact alone was sufficient to make it inequitable to enforce the rights of plaintiff and interveners, then all such plans are necessarily failures from the start." Compare Gorman v. Boehning, 55 N.M. 306, 232 P.2d 701, 26 A.L.R.2d 868; Neff v. Hendricks, 57 N.M. 440, 259 P.2d 1025.

The trial court found that appellees' property had been zoned by the City of Albuquerque as C–1, Commercial. This finding lends no support to the court's conclusion. The zoning ordinance does not impair the restrictions imposed on the subdivision; the restrictions remain paramount. Magnolia Petroleum Co. v. Drauver, 183 Okl. 579, 83 P.2d 840, 119 A.L.R. 1112; Abrams v. Shuger, 336 Mich. 59, 57 N.W.2d 445; Sorrentino v. Cunningham, 111 Ind.App. 212, 39 N.E.2d 473.

Viewing the evidence in a light most favorable to appellees, we are forced to the conclusion that the findings have no substantial support in the evidence and should be set aside.

It should be stated, however, that where changes in the surrounding area are so radical as to frustrate the original purposes and intention of the parties to such restrictions, that they can no longer be carried out, and this without fault or neglect of him who seeks to be relieved by a court of equity from their observance, such restrictive covenants should be extinguished.

In such instance the doctrine, as expressed in the maxim lex non cogit ad impossibilia, would apply; but the case under consideration is not a proper one for its application. Alamogordo Improvement Co. v. Prendergast, supra; Welshire, Inc., v. Harbison, 32 Del.Ch. 362, 88 A.2d 121; Swain v. Maxwell, 355 Mo. 448, 196 S.W.2d 780; Ault v. Shipley, 189 Va. 69, 52 S.E.2d 56.

The judgment should be reversed, and it is so ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.