410 P.2d 740

**J. H. THOMPSON, Plaintiff-Appellant and Cross-Appellee,**

**v.**

**H. B. ZACHRY CO., a corporation, Defendant-Appellee and Cross-Appellant.**

**No. 7573.**

Supreme Court of New Mexico.

Jan. 31, 1966.

---

Shipley, Seller & Whorton, Alamogordo, W. C. Whatley, R. E. Riordan, Las Cruces, for appellant.

Keleher & McLeod, T. B. Keleher, Russell Moore, John B. Tittmann, Albuquerque, for appellee.

**716**

PER CURIAM.

The motion for rehearing of H. B. Zachry Co. is granted and the original opinion filed herein withdrawn and the following substituted therefor:

NOBLE, Justice.

Defendant, H. B. Zachry Co., who was performing construction work on the McGregor Range, employed the plaintiff, Thompson, to perform certain surveying work at an agreed rate of compensation. Thompson was required to survey and stake the Hawk access road and sites for sixteen concrete launching pads, in accordance with drawings and specifications indicating their locations. It was discovered that Thompson had incorrectly located the road, but such revelation was not made until after the defendant had already done some construction work at the erroneous location. Plaintiff resurveyed the location without charge. Subsequently, two launching pads were also incorrectly located and the error corrected, but the defendant was required to rebuild forms at those two launching pads as a result.

Plaintiff sued for a balance claimed to be due for work performed, and the defendant counterclaimed for damages caused by the plaintiff's surveying errors. The plaintiff's complaint and the defendant's counterclaim were dismissed by the trial court and both parties independently appealed.

Plaintiff asserts that the trial court's conclusion that his complaint should be dismissed is not supported by any substantial evidence. While the attack appears to be strictly upon the lack of evidence to support the conclusion, implicit in such argument is the contention that the evidence would not support a finding of fact made the basis of the conclusion. We do not reach the question of the sufficiency of the evidence because a review of the court's decision makes it evident that there is no finding of fact to support the conclusion or judgment of dismissal. Under Rule 52(B) (a) (2) (§ 21–1–1(52) (B) (a) (2), N.M. S.A.1953), a court sitting without a jury is required to find those ultimate facts necessary to determine the issues i. e., the controlling facts without which the law cannot be correctly applied in rendering judgment. Star Realty Company v. Sellers, 73 N.M. 207, 387 P.2d 319. It is fundamental that a judgment cannot be sustained on appeal unless the conclusion upon which it rests finds support in one or more findings of fact. Star Realty Company v. Sellers, supra; Jontz v. Alderete, 64 N.M. 163, 326 P.2d 95; Isaac v. Seguritan, 66 N.M. 410, 349 P.2d 126; Consolidated Placers v. Grant, 48 N.M. 340, 151 P.2d 48. Indeed, defendant seems to concede in its brief that, even though some of the work may have been negligently performed by the plaintiff, he is nevertheless entitled to recover for services

rendered by him and accepted by defendant.

The plaintiff urges error in the court's refusal to adopt his requested findings Nos. 4, 5 and 10, fixing the dollar amount of service rendered by him and accepted by defendant for which payment had not been made. We do not understand that either the amount of plaintiff's services nor the fact that they were accepted by defendant is disputed. On the contrary, the defendant concedes that "there was ample and adequate evidence to support the specific findings requested by appellant." He only argues that the defendant is likewise entitled to recoup his damage resulting from plaintiff's negligent performance. It is now firmly established that a trial court must, when requested, find one way or another upon a material fact, and that failure to do so constitutes error. Laumbach v. Laumbach, 58 N.M. 248, 270 P.2d 385.

The defendant sought recoupment for damage resulting from the erroneous location of the road and launching pads. Although the court made findings that defendant performed work at such erroneous locations, a requested finding of the amount of damage occasioned thereby was refused. For the same reasons that required a finding as to the amount of plaintiff's services, we think the court must find one way or another on the question of defendant's damages. We find no basis in the findings of fact made by the court for dismissal of the counterclaim.

The case will be reversed and remanded with instructions to vacate the judgment, reinstate the case on the docket and proceed in a manner not inconsistent with this opinion.

It is so ordered.

CARMODY, C. J., and MOISE, J., concur.