418 P.2d 856

W. J. WILLIAMS, Jr., and Elsie E. Williams, Plaintiffs-Appellants,

v.

L. L. BUTLER et al., Defendants-Appellees.

No. 7886.

Supreme Court of New Mexico.

Sept. 6, 1966.

Rehearing Denied Oct. 17, 1966.

Bigbee & Byrd, G. Stanley Crout, Santa Fe, for appellants.

E. Forrest Sanders, William W. Bivins, Las Cruces, for appellees.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

The plaintiffs filed their suit to quiet title to certain property belonging to the plaintiffs. The complaint alleged that certain

lands belonging to the plaintiffs were subject to restrictive covenants and that the restrictions were unenforceable by the defendants, whether by judicial decision or otherwise.

The lands involved herein are the same lands that were involved in Cree Meadows, Inc. (NSL) v. Palmer, 68 N.M. 479, 362 P.2d 1007. The ultimate objective of this quiet title suit is the same as in the Palmer case, that is, the removal of the restrictive covenants. The parties are in privity with the parties there.

The defendants filed motions for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure, being § 21–1–1 (56), N.M.S.A.1953, and attached supporting affidavits based on the opinion of this Court in Cree Meadows, Inc. (NSL) v. Palmer, supra.

The plaintiffs filed their response to the motion, together with an affidavit reciting that it is not economically feasible to develop the tract as a golf course, tennis courts, swimming pool or for other athletic events, those being the purposes named in the restrictive covenants. The affidavit of the plaintiffs further stated that no water from the wells on the lands had been applied to a beneficial use for more than four years. Thereafter, the trial court sustained the defendants' motion for a summary judgment and from the ruling of the trial court, the plaintiffs have prosecuted this appeal.

In Mershon v. Neff, 67 N.M. 311, 355 P.2d 128, we recognized that changed circumstances may occur that would justify the granting of relief from the restrictive covenants and we quoted with approval Hurd v. Albert, 214 Cal. 15, 3 P.2d 545, 76 A.L.R. 1348, wherein it was said:

"The doctrine of res judicata was never intended to operate so as to prevent a re-examination of the same question between the same parties where, in the interval between the first and second actions, the facts have materially changed or new facts have occurred which may have altered the legal rights or relations of the litigants."

Here it is urged by the appellant that to comply with the restrictive covenants is not economically feasible and that water rights have been lost due to lack of application for a beneficial use for more than four years. As to the latter proposition, we attach little concern. It would be inequitable to relieve a land owner from the burden of restrictive covenants because of his own neglect.

The appellant contends that it is impossible to comply with the restrictive covenants and his reason given therefor is that it is not economically feasible so to do. This problem has never been resolved in New Mexico. In Neff v. Hendricks, 57 N.M. 440, 259 P.2d 1025, there was a consideration of the question along with other factors. The result there is consistent with the

conclusion reached in other jurisdictions where alleged economic changes have prompted efforts to remove the restrictions by court decree. In Bickell v. Moraio, 117 Conn. 176, 167 A. 722, language appears that furnishes an excellent background for related cases:

"* * * So long as it remains possible to carry out the original purpose of the development, each purchaser of a lot has a right to the protection of his easement in all the other lots in the restricted area, in the absence of conduct on his part constituting laches, waiver, or abandonment. It is only when there has been a radical change in the conditions existing when the restrictive covenants were created which completely defeats the objects and purposes of the covenants so that they are no longer effective, and their enforcement would not afford the protection which was in the contemplation of the parties, that equity will hold the restrictions no longer enforceable."

Thereafter, Fidelity Title & Trust v. Lomas & Nettleton Co., 125 Conn. 373, 5 A.2d 700, aptly pointed out that economic conditions do not warrant abrogation of restrictions because economic conditions may change again tomorrow. In Marra v. Aetna Construction Co., 15 Cal.2d 375, 101 P.2d 490, the court stated:

"* * * if the original purpose of the covenant can still be realized, it will be enforced even though the unrestricted use of the property would be more profitable to its owner. * * *"

Further, in Welshire, Inc. v. Harbison, 33 Del.Ch. 199, 91 A.2d 404, it was held:

"* * * a mere change in economic conditions rendering it unprofitable to continue the development subject to the restrictions originally imposed is not in itself a change sufficient to justify the court in disregarding or abrogating the restrictive covenant. * * *"

No cases to the contrary have been cited by the parties nor found by the court.

We conclude that the trial court correctly ruled that there was no genuine issue of a material fact presented by the pleadings and affidavits. Summary judgment was proper and the action of the trial court is affirmed.

It is so ordered.

CHAVEZ and NOBLE, JJ., and JOE W. WOOD, J., Court of Appeals, concur.