517 P.2d 1302

**WATSON LAND COMPANY, a corporation, R. Howard Brandenburg, Tessie Martinez, Ancelica M. Pacheco, Lucille M. Schultz, Plaintiffs-Appellees,**

v.

**Pedro LUCERO, Defendant-Appellant.**

No. 9668.

Supreme Court of New Mexico.

Jan. 11, 1974.

Chavez & Roberts, Santa Fe, for defendant-appellant.

Brandenburg, Ramming & Brandenburg, Taos, for plaintiffs-appellees.

## OPINION

MARTINEZ, Justice.

Appellees brought an action to quiet title in land in the District Court of Taos County. The land involved in this appeal are Tracts 34 and 36 of Map 43, Survey 4, of the New Mexico Reassessment Survey for Taos County. Appellees claimed title to both tracts and particularly Tract 36 pursuant to a judgment obtained by their predecessors in title in cause Number 5598–A, filed on February 11, 1965 in the District Court of Taos County. Appellant, Pedro Lucero, raised a number of defenses in his amended answer, the most pertinent being possession of the contested real property by way of adverse possession. Appellant, Pedro Lucero, also alleged by way of cross claim that he was the sole owner in fee and entitled to the possession of the land described in the complaint.

The trial court, sitting without a jury, on February 28, 1972 found that Tract 36, Map 43, Survey 4 of the New Mexico Reassessment Survey for Taos County, New Mexico in District Court cause Number 5598–A was the same as described in the instant action, and is res judicata as to the appellant who was a defendant in cause Number 5598–A. Therefore, the trial court awarded appellees quiet title to Tract 36. It further found and concluded that the appellees and appellant wholly failed to establish their title to Tract 34, Map 43, Survey 4. It is from this decision of the trial court that the appellant makes his appeal.

Appellant has raised two main points on appeal, the first being that the trial court erred in its findings of fact that cause Number 5598–A is res judicata as to Tract 36, Map 43, Survey 4, and that appellant has no right, title, or interest in the aforementioned tract.

We disagree.

█ The trial court found that cause Number 5598–A filed on February 11, 1965, an action in which appellant was a defendant, vested title to this same tract in the predecessors in title of the appellees. It also found that cause Number 5598–A was determinative as to the vesting of title and was res judicata as to appellant who had no right, title, or interest in the tract. The trial court has mistakenly labelled these two determinations "findings of fact" instead of "conclusions of law." We have long held that findings are sufficient where they justify the judgment, though they intermingle matters of fact and conclusions of law. Fraser v. Bank, 18 N.M. 340, 137 P. 592 (1913). In that case the Court in quoting from O'Reilly v. Campbell, 116 U.S. 418, 6 S.Ct. 421, 29 L.Ed. 669 (1886), stated:

" 'Findings are not to be construed with the strictness of special pleadings. It is sufficient if from them all, taken together with the pleadings, we can see enough upon a fair construction to justify the judgment of the Court notwithstanding their want of precision and the occasional intermixture of matters of fact and conclusions of law.' " Id. 18 N.M. at 351, 137 P. at 594.

See also, White v. Morrison, 62 N.M. 47, 304 P.2d 572 (1956); Jones v. Friedman, 57 N.M. 361, 258 P.2d 1131 (1953).

█ We have examined the findings of fact and, based on the aforementioned rule, we believe that the record reveals sufficient evidence to support the trial court's judgment.

Appellant's second point is that the trial court erred in finding that appellant had not established his fee simple title to Tract 34 by adverse possession and in not finding

that a particular portion of Tract 36 was encompassed by the description of Tract 2, as described in the judgment of cause Number 5598–A. Tract 2 was a particular tract involved in the aforementioned judgment.

We have reviewed the transcript of the proceedings and there exists no substantial evidence supporting a finding of fact that a particular portion of Tract 36 was encompassed by the description of Tract 2, as described in the judgment of cause Number 5598–A. Thus, the trial court was correct in making no such finding.

█ We have recognized on several occasions that a judgment cannot be sustained on appeal unless the conclusion on which it rests finds support in one or more findings of fact. Langdon v. Jaramillo, 80 N.M. 255, 454 P.2d 269 (1969); Galvan v. Miller, 79 N.M. 540, 445 P.2d 961 (1968); and Thompson v. H. B. Zachry Co., 75 N. M. 715, 410 P.2d 740 (1966). The trial court's conclusion of law in this particular matter is based solely on the finding of fact which reads as follows:

"19. That the Plaintiffs and Defendant Pedro Lucero have wholly failed to establish their title to Tract 34, Map 43, Survey 4, of the New Mexico Survey for Taos County, New Mexico; * * *"

Clearly, this is not only a conclusion of law but also the very issue to be decided by the trial court.

In Porter v. Mesilla Valley Cotton Products Co., 42 N.M. 217, 221, 76 P.2d 937, 939 (1937) in quoting from Merrick v. Deering et al., 30 N.M. 431, 236 P. 735 (1925) we stated:

" '* * * [T]his court, in the review of cases tried without a jury, may be able to traverse the same ground as the lower court, reaching not a conclusion of its own, but a determination as to whether that of the trial court is justified in fact and in law. To that end the trial court must state in writing the facts upon which it bases its conclusion * * *.

For such purpose, it is apparent that it is the ultimate facts, rather than the evidentiary facts, which should be so found. It is equally apparent that a finding upon the very issue in the cause is not, in a case like this, a finding of ultimate fact, but a conclusion.' "

It follows that the trial court's conclusion that both parties had failed to establish their title to Tract 34 is not supported by any finding and therefore cannot be sustained on appeal. Goldie v. Yaker, 78 N. M. 485, 432 P.2d 841 (1967); Star Realty Company v. Sellers, 73 N.M. 207, 387 P.2d 319 (1963).

Since the Supreme Court on appeal will not originally determine the questions of fact in a case since such function lies entirely within the province of the trial court, Jontz v. Alderete, 64 N.M. 163, 326 P.2d 95 (1958), the questions of the parties' fee simple title to Tract 34 is remanded to the trial court with directions to make proper findings thereto.

In light of the foregoing, the decision of the trial court is affirmed in part, reversed in part, and remanded for further findings consistent with this opinion.

It is so ordered.

McMANUS, C. J., and STEPHENSON, J., concur.