611 P.2d 221

**FLINCHUM CONSTRUCTION COMPANY, INC., a New Mexico Corporation, Plaintiff-Appellee and Cross-Appellant,**

v.

**CENTRAL GLASS & MIRROR COMPANY, INC., a New Mexico Corporation, Defendant-Appellant and Cross-Appellee.**

No. 12688.

Supreme Court of New Mexico.

May 26, 1980.

Nordhaus, Moses & Dunn, Thomas J. Dunn, Adelia W. Kearny, Albuquerque, for defendant-appellant and cross-appellee.

Michael L. Danoff, Paul R. Smith, Albuquerque, for plaintiff-appellee and cross-appellant.

## OPINION

FEDERICI, Justice.

This case arose as a result of a contract entered into by appellee-contractor (Flinchum) and appellant-subcontractor (Central). Flinchum initially had contacted several subcontractors for bids. One bid showed an *additive* on alternative 2a. The other subcontractors bid alternative 2a as a *deductive* alternative. Flinchum submitted a bid to the City of Albuquerque in which it mistakenly showed 2a as a *deductive*. Flinchum offered the subcontract to Central. Central submitted a bid with alternative 2a as a *deductive*. The work to be performed was to have shown alternative 2a as an *additive*. When Central realized the error, and after unsuccessful efforts with Flinchum to remedy the situation, Central refused to perform and Flinchum sued for damages which the trial court awarded. Central appealed. Flinchum cross-appealed on the issue of failure of the trial court to award attorney fees and costs. We affirm.

The only issue in this appeal is whether Central could rescind the contract because of a unilateral mistake which Central contends resulted from Flinchum's misrepresentation of or failure to divulge to Central material facts concerning alternative 2a.

■ Central asserts and Flinchum concedes the principle of law to be that where a unilateral mistake is caused by the fraudulent misrepresentation of, or withholding of, material facts by the other party, the mistaken party has the right to rescind the agreement. *See Krupiak v. Payton*, 90 N.M. 252, 561 P.2d 1345 (1977); *Rael v. American Estate Life Insurance Company*, 79 N.M. 379, 444 P.2d 290 (1968). *See also Modisette v. Foundation Reserve Insurance Co.*, 77 N.M. 661, 427 P.2d 21 (1967); *Sauter v. St. Michael's College*, 70 N.M. 380, 374 P.2d 134 (1962). Further, the burden was upon Central to establish the materiality of the omission. *Tsosie v. Foundation Reserve Insurance Company*, 77 N.M. 671, 427 P.2d 29 (1967).

■ Flinchum strongly urges, however, that there was no fraudulent misrepresentation or withholding of information of material facts in this case sufficient to warrant a rescission. The trial court found, among other facts, that:

3. The specifications for this construction project were drafted in a clear, precise manner * * *.

*   *   *   *   *   *

12. The Plaintiff contacted Southwest Glass and informed them that they had bid Alternative 2a as an additive whereas the other sub-contractors that had submitted bids had bid Alternative 2a as a deductive alternate.

*   *   *   *   *   *

15. Fred Muehlmeyer, President of Central Glass & Mirror, relied on the expertise of George Mitchell and ratified the bid of George Mitchell by signing a contract with Flinchum Construction Co. for this project.

16. Defendant had ample opportunity to review the contract presented to them.

*   *   *   *   *   *

21. It was customary that if the bidder or its estimator have any questions incident to the plans and specifications, they could contact the architect and/or the general contractor for any verifications.

22. The Defendant, after having ample opportunity to contact the general contractor, or the architect of the project, for any clarifications of the plans and specifications, never did so.

Based upon the foregoing findings, the court concluded that there was no fraud involved on the part of Flinchum; that Central failed to establish the materiality of the withholding of information; and that the refusal of Central to perform constituted a breach of contract for which damages should be awarded. We agree.

The record discloses the following: The information known to Flinchum which was not disclosed to Central was that Southwest bid alternative 2a as an additive and all other prospective subcontractors, including Central, bid it as a deductive. Jerry Wulff, general manager of Flinchum, spent considerable time reviewing the contract with George Mitchell, the estimator for Central. Central admits that after it presented its bid to Flinchum, Finchum came back to them and asked them if there were in fact any mistakes in their bid. Central was very much aware of the terms of the contract and had ample time to review the contract prior to signing it. Central was also given the opportunity to recheck its bid prior to contracting with Flinchum. Wulff informed Mitchell that Southwest had been offered the contract because of its low bid. The contract written for Central was made subsequent to lengthy discussions with Central over the contract and also subsequent to Wulff's informing Central that Southwest "could not do the job as I had written the contract for." The contract was left with Central by Flinchum so they could review its contents before execution. No one from Central asked for clarification of the contract. It is traditional in the construction business for the architect and the

general contractor to make themselves available for the resolution of any problems regarding contracts and both the architect and general contractor did so in this case. No questions were raised by Central as to why Southwest would not enter the contract as written even though it was known to Central that Southwest had made the low bid but yet would not execute the contract.

██ A reviewing court views the evidence in the light most favorable to the prevailing party to determine whether the trial court reached the proper conclusion. *Duke City Lumber Company, Inc. v. Terrel,* 88 N.M. 299, 540 P.2d 229 (1975). Where there is substantial evidence to support the findings made by the trial court, they will not be disturbed on appeal. *Boone v. Boone,* 90 N.M. 466, 565 P.2d 337 (1977). A reversal will be ordered by this Court only if there is a clear abuse of discretion. *Acme Cigarette Services, Inc. v. Gallegos,* 91 N.M. 577, 577 P.2d 885 (Ct.App.1978).

██ On the cross-appeal by Flinchum for attorney fees which were denied by the trial court, the trial court found that those fees should be denied because Flinchum was aware of the problem involved on alternative 2a when it approached Central, and further, that Flinchum was not candid with Central. At first blush, it would appear that the court's statements here are inconsistent with its findings that there was no misrepresentation by Flinchum. However, upon analysis of the transcript, it appears that what the trial court intended was that the failure to be candid was not sufficient to constitute a misrepresentation of a material fact, but that it warranted some mitigation in the overall final result. The trial court concluded that attorney fees should be disallowed.

We find substantial evidence in the record to support the findings of fact, conclusions of law and judgment of the trial court. The judgment of the trial court is affirmed.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.