652 P.2d 1195
Yvonne Marie PETERSON,
Petitioner-Appellee,

v.

Gerald Lester PETERSON,
Respondent-Appellant.

No. 14057.

Supreme Court of New Mexico.

Sept. 3, 1982.

Rehearing Denied Oct. 14, 1982.

Bruce P. Moore, Santa Fe, for respondent-appellant.

Freeman & Housman, Albuquerque, for petitioner-appellee.

## OPINION

FEDERICI, Justice.

This is an appeal from the judgment of the District Court of Bernalillo County granting an increase in child support payments. Appellant, Sgt. Peterson, is a technical sergeant in the United States Air Force stationed in New Mexico. The parties entered into a marital settlement agreement on April 13, 1980, and a final divorce decree was subsequently entered on April 18, 1980. The agreement provided in part that Sgt. Peterson would pay child support payments in the amount of $250.00 per month for the support of his two minor children. The agreement further provided for a review by the court of the agreement every two years. Additionally, the agreement provided that if there should occur a significant change in the financial affairs of Sgt. Peterson, then the parties would review the agreement and make appropriate adjustments in writing. If they could not reach an agreement as to any adjustments, the question would be resolved by a court of competent jurisdiction.

On September 2, 1981, the appellee, Mrs. Peterson, filed for an increase in child support payments contending Sgt. Peterson's income had increased substantially. On November 17, 1981, the trial court entered its order, finding that Sgt. Peterson's net income had increased by 50% since the date of the agreement, by virtue of his receiving from his employer, the United States Air Force, a monthly allowance for quarters (BAQ), a variable housing allowance (VHA), and a basic allowance for subsistence (BAS), all for the purpose of Sgt. Peterson's off-base housing. The total allowances amounted to $481.30 per month. The trial court found that there had been a significant change in the financial affairs of Sgt. Peterson that would justify an increase in child support payments from $250.00 to $350.00 per month.

On appeal to this Court, a variety of issues are raised by Sgt. Peterson and Mrs. Peterson alike, regarding the award of an increase in child support payments and a denial of attorney fees to Mrs. Peterson.

First, Sgt. Peterson contends that the trial court did not have jurisdiction to enter its judgment because it entered its findings of fact and conclusions of law after its judgment. Second, Sgt. Peterson contends that the trial court erred in awarding an increase in child support payments based upon his military allowance for off-base housing. Third, Sgt. Peterson contends that he is penalized in the exercise of his visitation rights with his children because he moved off base so he could exercise his overnight visitation rights. Mrs. Peterson contends on appeal (1) that the increase in child support payments should commence on September 2, 1981, the date she filed her petition and (2) that the trial court abused its discretion in not awarding her attorney fees. We affirm the trial court on all issues except the date on which the increase in child support payments should begin.

The increased payments should begin on April 13, 1982, consistent with the agreement provision that the terms of the agreement are subject to review by the court every two years.

■ On the issue of jurisdiction of the trial court to enter its judgment without findings of fact and conclusions of law, we note that this is technically error. *University of Albuquerque v. Barrett,* 86 N.M. 794, 528 P.2d 207 (1974). N.M.R.Civ.P. 52(B), N.M.S.A.1978 (Repl.Pamp.1980) provides that a trial court should enter a separate decision, which includes its findings of fact and conclusions of law. In this case, the findings of fact and conclusions of law were not entered until almost a month after the trial court had entered its judgment. In *Kipp v. McBee,* 78 N.M. 411, 412, 432 P.2d 255, 256 (1967), we held that Rule 52(B) contemplates that a written decision containing findings of fact and conclusions of law be entered prior to entry of judgment. However, we also have stated in *Brown v. Hayes,* 69 N.M. 24, 363 P.2d 632 (1961), that where the findings are part of the transcript on appeal it would be a useless thing to strike the present findings and remand the case to the trial court for the making of the same over again. Here, the trial court's findings and conclusions are included in the transcript and certainly little would be ac-

complished, other than incurring additional delay and further expense, in remanding this case back to the trial court for the purpose of entering its findings of fact and conclusions of law again in concert with another judgment. Although we must insist upon compliance with the Rules of Civil Procedure, in this case no meaningful purpose would be furthered to remand this case back to the trial court for this purpose alone.

On the issue of significant change in Sgt. Peterson's financial affairs by virtue of his receiving military allowances for off-base housing, he maintains that 37 U.S.C., §§ 402 and 403 (1976 & Supp. IV 1980) and the Supremacy Clause, U.S. Const., art. VI, cl. 2, prohibit a New Mexico court from considering such military payments as a financial change of circumstances. Additionally, Sgt. Peterson has relied on *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981); *Ridgway v. Ridgway,* 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981); and *Hisquierdo v. Hisquierdo,* 439 U.S. 572 (1979), as being in support of his contention. We disagree.

■ The United States is immune from suit unless it waives its sovereign immunity in a manner that must be unequivocally expressed. *See United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969)). However, the relevant statutes in question, 42 U.S.C. § 659 (1976 & Supp. IV 1980), and 42 U.S.C. § 662(b) (1976 & Supp.1980), both specifically define child support payments and provide that all federal benefits, including those payable to members of the armed forces, are subject to legal process to enforce alimony obligations and child support obligations. In this limited class of cases, the United States has waived its sovereign immunity for garnishment actions in state courts. Indeed, Sgt. Peterson does not dispute the obvious effect of the waiver language in § 659. Many courts have recognized that the provisions of § 659 embodied a congressional intent to remove federal immunity from state gar-

nishment orders in fulfillment of legal obligations to provide alimony and child support. *Anderson v. Anderson,* 285 Md. 515, 404 A.2d 275 (1979); *Murray v. Murray,* 558 F.2d 1340 (8th Cir.1977); *Diaz v. Diaz,* 568 F.2d 1061 (4th Cir.1977).

Sgt. Peterson argues that military allowances, in particular, monthly basic allowances for quarters (BAQ), a variable housing allowance (VHA) and a basic allowance for subsistence (BAS) from the United States Air Force, are not wages or a species of remuneration that are subject to garnishment under § 659 for child support payments. He contends that only those kinds of pay, specifically enumerated in 37 U.S.C. §§ 402 and 403, are subject to garnishment, and in this case, the monthly allowances he received for off-base housing are not so included. We decline to create a distinction between military basic pay and the type of military allowance received by Sgt. Peterson with reference to his child support obligations. The legislative history of 42 U.S.C. § 659 clearly reveals the problem which the Congress was attempting to address:

"State officials have recommended that legislation be enacted permitting garnishment and attachment of Federal wages and other obligations (such as income tax refunds) where a support order or judgment exists. At the present time, the pay of Federal employees, including military personnel, is not subject to attachment for purposes of enforcing court orders, including orders for child support or alimony. The basis for this exemption is apparently a finding by the courts that the attachment procedure involves the immunity of the United States to suits to which it has not consented.

\* \* \* \* \* \*

"The Committee bill would specifically provide that the wages of Federal employees, including military personnel, would be subject to garnishment in support and alimony cases. *In addition, annuities and other payments under Federal programs in which entitlement is based on employment would also be subject to attachment for support and alimony payments."* S.Rep.No.93–1356, 93rd Cong.,

2d Sess. (1974), 4 U.S.Code Cong. and Admin.News, at 8157. [Emphasis added, Citations omitted.]

*Diaz v. Diaz,* 568 F.2d at 1063, n. 2.

 It is evident, then, that congressional intent in enacting such legislation was to provide that a divorced military spouse would continue to provide financial support, so long as was required, to either his former spouse or to children of the marriage, or both. Military allowances for off-base housing are "payments under Federal programs in which entitlement is based on employment." Therefore, military allowances are proper sources of income that a state trial court can consider in determining whether there has been a financial change of circumstances sufficient to warrant an increase of child support payments. The trial court concluded that an increase of child support payments in the amount of $100.00 per month would be reasonable under the circumstances. Child support determinations are an area of the law in which trial court are allowed broad discretion. *Muckleroy v. Muckleroy,* 84 N.M. 14, 498 P.2d 1357 (1972). We agree that such amount was not an abuse of discretion as the figure set out was not an amount contrary to all reason. *Spingola v. Spingola,* 91 N.M. 737, 580 P.2d 958 (1978).

Sgt. Peterson's reliance on the Supremacy Clause, U.S. Const., art. VI, cl. 2, and the reasoning in the cases of *McCarty, supra, Ridgway, supra,* and *Hisquierdo, supra,* is misplaced. The Supremacy Clause will rarely be invoked to override state law or policy in the area of state domestic relations, except where state family and family property law do major damage to clear and substantial federal interests. *United States v. Yazell,* 382 U.S. 341, 86 S.Ct 500, 16 L.Ed.2d 404 (1966). In this case, so long as the action of the state court does not frustrate a substantial interest by preventing off-base military housing payments from reaching the designated beneficiary, here Sgt. Peterson, the Supremacy Clause does not demand that state law be overridden. Section 40–4–7(C), N.M.S.A. 1978 specifically provides that state courts have authority

to increase by modification child support payments and in enforcing such obligations by the trial court no major damage is done to clear and substantial federal interests. *McCarty, supra, Ridgway, supra,* and *Hisquierdo, supra,* do not support the argument that a distinction should be made by this Court between military basic pay and other types of payments made to military personnel insofar as modifications of child support obligations are concerned.

The third issue raised on appeal is whether Sgt. Peterson is penalized in the exercise of his visitation rights because of an increase in his child support payments. We are not persuaded that Sgt. Peterson will be penalized or frustrated in some fashion in the exercise of his visitation rights. There is nothing in the record demonstrating that the only reason that Sgt. Peterson moved to off-base housing was to visit his children. Furthermore, there is no indication from the record that Sgt. Peterson would move back into the base dormitory or would be unable to see his children if the increase is affirmed. Therefore, we do not agree that the trial court abused its discretion in refusing to find that Sgt. Peterson would be penalized or frustrated in the exercise of his visitation rights because of an increase in child support payments in the amount of $100.00 per month.

Since we have concluded that the military allowances payment should be considered in determining the amount of child support, it becomes incumbent upon this Court, in the interest of judicial economy, to determine the date upon which those payments should begin.

■ Mrs. Peterson contends that the effective date of the child support payments should be September 2, 1981, the date she filed her motion to increase child support payments. The rule was thus stated by this Court in *Montoya v. Montoya,* 95 N.M. 189, 619 P.2d 1233 (1980), that the applicable date for any modification should be the date of the filing of the petition or pleading rather than the date of the hearing, absent any unusual delay in the case or any unusual circumstances. However, in this case, the parties entered into a clear and unam-

biguous marital settlement agreement incorporated into the final judgment providing that the trial court would review the support agreement every two years. Alternatively, the agreement also provided that if there should be a significant change in the financial affairs of Sgt. Peterson, the parties would review the support agreement and make any adjustments in writing. In the event the parties could not reach any such agreement regarding adjustments, then the question would be resolved by court action. No such agreement was reached by the parties. Where written documents are clear and unambiguous, they must stand and be enforced as they speak. *Parks v. Parks,* 91 N.M. 369, 574 P.2d 588, (1978). Accordingly, we reverse the trial court on this issue, and remand the case to the trial court, to amend its order consistent with this opinion that the operable date for the increase in child support payments is April 13, 1982.

■ The last issue on appeal is whether the trial court abused its discretion in refusing to award attorney fees to Mrs. Peterson. Mrs. Peterson sought reversal of the trial court's judgment that each party should be responsible for his own attorney fees. However, Mrs. Peterson neglected to file either a notice of appeal or a notice of cross appeal from the order dated November 17, 1981. Such a notice, this Court has stated, is a jurisdictional prerequisite for this Court to consider the error asserted. *See Home Fire & M. Ins. Co. v. Pan American Petroleum Corp.,* 72 N.M. 163, 381 P.2d 675 (1963). Since Mrs. Peterson did not preserve her argument for review, did not assert that any finding made by the trial court respecting attorney fees was error, nor refer to any requested conclusions refused by the trial court, she failed to carry the burden of demonstrating how the trial court committed reversible error by not awarding her attorney fees. N.M.R.Civ. App. 3(b), N.M.S.A.1978 (Repl.Pamp.1980). *Adams v. Thompson,* 87 N.M. 113, 529 P.2d 1234 (Ct.App.), *cert. denied,* 87 N.M. 111, 529 P.2d 1232 (1974).

For the foregoing reasons, the trial court is affirmed, excepting for the issue of the proper date for the commencement of the increased child support payments. We remand that issue back to the trial court for further proceedings consistent with this opinion.

Mrs. Peterson is allowed $1,500.00 attorney fees on this appeal and costs of appeal.

IT IS SO ORDERED.

PAYNE and RIORDAN, JJ., concur.