687 P.2d 86

**Marolyn S. WHORTON, et al., Plaintiffs-Appellants,**

v.

**MR. C's, et al., Defendants-Appellees.**

**Marolyn S. WHORTON, et al., Plaintiffs-Appellants,**

v.

**WESTERN PALACE RESTAURANT, et al., Defendants-Appellees.**

**No. 15121.**

Supreme Court of New Mexico.

Aug. 13, 1984.

Rehearing Denied Sept. 12, 1984.

Jack T. Whorton, Alamogordo, for plaintiffs-appellants.

Keleher & McLeod, Michael L. Keleher, Mark Styles, Albuquerque, Burroughs & Rhodes, F. Randolph Burroughs, Alamogordo, for defendants-appellees.

## OPINION

FEDERICI, Chief Justice.

Plaintiffs brought suit in the District Court of Otero County seeking to enjoin defendants from selling wine and beer at restaurants operated by defendants which are situated in the original townsite of Alamogordo. The land titles of all of the parties involved in this case contain negative reciprocal easements, in the form of covenants, which prohibit the sale of alcoholic beverages in places of public resort. The district court denied plaintiffs' requested relief and entered judgment in favor of defendants, declaring the restrictive covenants to be unenforceable. Plaintiffs appeal. We reverse.

On appeal, plaintiffs argue that the trial court erred when it refused to adopt a number of plaintiffs' requested findings of fact. When a case is tried without a jury, the trial court is charged with a duty to make findings of fact and

conclusions of law. NMSA 1978, Civ.P.R. 52 (Repl.Pamp.1980); *State ex rel. Reynolds v. Board of County Commissioners*, 71 N.M. 194, 376 P.2d 976 (1962). However, the court is required only to find those ultimate facts necessary to determine the issues. *Thompson v. H.B. Zachry Co.*, 75 N.M. 715, 410 P.2d 740 (1966). It is not error for a trial court to refuse requested findings which are factually correct, yet are not ultimate facts necessary to support the judgment. *State ex rel. State Highway Commission v. Pelletier*, 76 N.M. 555, 417 P.2d 46 (1966). Nor is it error for the trial court to refuse findings of fact which are not supported by substantial evidence. *Cf. Henderson v. Lekvold*, 99 N.M. 269, 657 P.2d 125 (1983). Review of the requested findings which plaintiffs claim the trial court should have adopted reveals that they are either findings of evidentiary, not ultimate, facts, or are not supported by substantial evidence. We therefore hold that the trial court did not err in rejecting plaintiffs' requested findings of fact.

Plaintiffs also contend that two of the findings of fact which the trial court did make are not supported by substantial evidence. After denying all of the requested findings of fact and conclusions of law submitted by the parties, the trial court adopted three of its own findings of fact, the second and third of which were as follows:

2. That the conditions pertaining to the use, character and enjoyment of the property covered by said covenants have materially changed since said covenants were first put in force and since the decision of our Supreme Court in *Alamogordo Improvement Co. v. Prendergast*, 45 N.M. 40 [109 P.2d 254 (1940)].

3. That because of such changed conditions it would be inequitable and oppressive to the defendants to enforce said covenants so as to prevent serving beer and wine as an incident of their food service in accordance with the Laws of the State of New Mexico, and such enforcement would not materially benefit the plaintiffs.

■ The judgment of a trial court will not be disturbed on appeal if the findings of fact entered by the trial court are supported by substantial evidence, *Flinchum Construction Co. v. Central Glass & Mirror Co.*, 94 N.M. 398, 611 P.2d 221 (1980), and if the findings of fact are sufficient to support the judgment, *Watson Land Co. v. Lucero*, 85 N.M. 776, 517 P.2d 1302 (1974). However, findings not supported by substantial evidence which have been properly attacked cannot be sustained on appeal, and we must reverse any judgment dependent upon such findings. *Getz v. Equitable Life Assurance Society*, 90 N.M. 195, 561 P.2d 468, *cert. denied*, 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977). We hold that when the correct rule of law is applied, the trial court's second and third findings of fact are not supported by substantial evidence and require reversal of the judgment entered in this case.

■ The rule of law applicable to the trial court's judgment is known as the doctrine of "changed circumstances" or "change of conditions." R. Powell, *The Law of Real Property* ¶ 679[2] (1949). The doctrine provides that injunctive relief against the violation of obligations secured by a covenant will not be granted where changes in conditions in the area "are so radical as to frustrate the original purposes and intention of the parties to such restrictions." *Chuba v. Glasgow*, 61 N.M. 302, 305, 299 P.2d 774, 776 (1956). In order for changes in condition to be significant enough to invoke this doctrine, the changes must be of such a material nature that it becomes impossible to secure, to a substantial degree, the benefits sought to be obtained through the creation of the covenant. *Restatement of Property* § 564 (1944). Certain changes in the character of land use in and around a residential development are inevitable, and are considered to be within the contemplation of the parties. *See, e.g., Alamogordo Improvement Co. v. Prendergast*, 45 N.M. 40, 109 P.2d 254 (1940). The question, to be decided on the particular facts of each case, is whether the changes which have occurred are of

such importance as to amount to a defeat of the purpose of the covenant. *H.J. Griffith Realty Co. v. Hobbs Houses, Inc.,* 68 N.M. 25, 357 P.2d 677 (1960). Changes which merely reduce the benefits derived from the enforcement of a restrictive covenant are not alone sufficient to warrant the refusal of a court to enjoin a breach of the obligation arising from the covenant. *Restatement of Property* § 564 (1944). Substantial change which does not destroy the benefits arising out of a restrictive covenant is insufficient to warrant refusal of equitable relief. *See Neff v. Hendricks,* 57 N.M. 440, 259 P.2d 1025 (1953).

■ Plaintiffs do not contest that substantial changes have occurred in and around the original townsite of Alamogordo. They argue, however, that the changes are not of such a nature that they defeat the purposes of the covenant. They further maintain that the benefits they derive from enforcement of the covenant have not been reduced as a result of the changes which have admittedly occurred.

Defendants direct this Court's attention to a large amount of evidence which would support a finding that the community of Alamogordo has changed since the time when the covenant was created. Defendants fail, however, to direct this Court's attention to substantial evidence in the record which would tend to demonstrate that the changes which have taken place frustrate the original purposes and intentions of the parties who created the covenant.

The purposes and intentions of the parties in establishing the covenant were set out in the original deeds. The covenant was felt by the parties to be advantageous to the development of the town and in the best interests of the inhabitants of the original townsite. The intent and purpose behind creation of the covenant was "to develop such restricted area as desirable residence and business property and to further the best interests of the inhabitants thereof. Such plan was for the benefit of the restricted property." *Alamogordo Improvement Co. v. Prendergast,* 45 N.M. 40,

43, 109 P.2d 254, 256 (1940). The evidence shows that the changes which have occurred may have reduced the benefits derived from the enforcement of the covenant, but the evidence does not support defendants' contention that the changes make it impossible to secure the benefits sought to be attained through the creation of the covenant, nor does the evidence show that the changes defeat the purposes for which the covenant was established.

Defendants cite only one instance where this Court has found changes in conditions of a nature which supported a refusal to enjoin violations of restrictive covenants, *Mason v. Farmer,* 80 N.M. 354, 456 P.2d 187 (1969). The facts in that case are, however, distinguishable from those of the instant case. *Mason* dealt with restrictions prohibiting the use of property for commercial purposes. In holding that violations of the covenants would not be enjoined, this Court determined that the evidence supported a finding by the trial court that changes in condition had rendered the property on which the violation occurred unsuitable for residential purposes. 80 N.M. at 360, 456 P.2d at 193.

In this case, there is no contention that the changes in condition render the property unsuitable for either residential or commercial purposes. The only claim of this nature is that enforcement of the terms of the covenant makes restaurants located within the boundaries of the original townsite less competitive than those located elsewhere. Such economic considerations, without more, are insufficient to justify the refusal of equitable relief. *See Mason v. Farmer; H.J. Griffith Realty Co. v. Hobbs Houses, Inc.,* 68 N.M. 25, 357 P.2d 677 (1960).

■ Defendants claim the trial court's judgment should be affirmed on grounds other than those set out by the trial court in its findings of fact and conclusions of law. Defendants did not cross appeal, and do not claim as error the trial court's refusal to adopt any of defendant's requested findings of fact and conclusions of law. Any error that existed was not preserved

for review. *See* NMSA 1978, Civ.App.R. 3(d) (Repl.Pamp.1984). We therefore cannot review the additional points raised by defendants in their answer brief. *See Peterson v. Peterson*, 98 N.M. 744, 652 P.2d 1195 (1982); *Adams v. Thompson*, 87 N.M. 113, 529 P.2d 1234 (Ct.App.), *cert. denied*, 87 N.M. 111, 529 P.2d 1232 (1974).

The trial court is reversed. The cause is remanded for entry of injunctive relief in plaintiffs' favor.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN and WALTERS, JJ., concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I respectfully dissent.

The majority opinion holds that when the correct rule of law, known as the doctrine of "changed circumstances" or change of "conditions" is applied, the trial court's second and third findings of fact are not supported by substantial evidence; therefore, reversal of the trial court's judgment is required. I disagree.

When assessing the enforceability of a restrictive covenant, the totality of the changes must be reviewed. If all of the changes together render enforcement of a restrictive covenant inequitable, such restrictive covenants should be extinguished. *Chuba v. Glasgow*, 61 N.M. 302, 299 P.2d 774 (1956). In the present case, the trial court found that the use, character, and enjoyment of the property covered by the restrictive covenant has materially changed since the covenant was put in force. These findings are amply supported by the record.

The restrictive covenant prohibiting the manufacture, sale, and disposition of intoxicating liquors within a platted area of the town, was first set out in the original deeds in 1898. Since that time, issues concerning the validity of the restrictive covenant have been before this Court. *See Alamogordo Improvement Co. v. Prendergast*, 45 N.M. 40, 109 P.2d 254 (1940); *Alamogordo Im-*

*provement Co. v. Prendergast*, 43 N.M. 245, 91 P.2d 428 (1939); and *Alamogordo Improvement Co. v. Hennessee*, 40 N.M. 162, 56 P.2d 1127 (1936). However, since the original incorporation of the Alamogordo Improvement Co. in 1898 and the subsequent holdings of this Court in the cases construing the covenant, the town of Alamogordo has changed substantially. The majority has failed to consider the changes that have occurred since the date the restrictive covenant was created, and not only the changes that have occurred since the date of the most recent suit, in which the restrictions were upheld. *See Mershon v. Neff*, 67 N.M. 311, 355 P.2d 128 (1960). Since 1898, the city of Alamogordo has changed substantially, from open, uninhabited prairie land to a city with a population of over 25,000. There has been a tremendous economic change since the restrictive covenant was created. The establishment of Holloman Air Force Base and the development of tourism have sparked economic growth in the community. Tracts of property previously used for agriculture now have businesses located on them.

The original purpose of the restrictive covenant was to facilitate the development of the original Alamogordo townsite. This development has been completed; therefore, enforcement of the covenant no longer serves a valid purpose. Moreover, in recent years, the Alamogordo Improvement Company has routinely executed waivers of its right to reverter under the restrictive covenant, a significant change from the days when it brought suits in an effort to enforce the covenant. Attitudes of the citizens also reflect the changes which have taken place within the community. In Alamogordo, an election to allow the sale of wine and beer received overwhelming support.

When conditions change, as in the present case, restrictive covenants should not be allowed as a barrier to progress and change. There has been such a change in the conditions which existed when the covenant was first imposed so as to defeat the intended objects and purposes of the cove-

nant; therefore, enforcement is no longer necessary to afford the protection originally contemplated. *See Montoya v. Barreras*, 81 N.M. 749, 473 P.2d 363 (1970); *Williams v. Butler*, 76 N.M. 782, 418 P.2d 856 (1966); *Mershon v. Neff*, 67 N.M. 311, 355 P.2d 128 (1960).

There was substantial evidence in the record for the trial court to determine that the restrictive covenant should no longer be enforced. I would therefore affirm the judgment of the trial court.