**Wanda MURRAY, Appellant,**

v.

**Johnnie Lee MURRAY and United States of America, Appellees.**

No. 76–1846.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1977.

Decided Aug. 2, 1977.

Albert Copaken, and Sylvia Copaken, Kansas City, Mo., for appellant.

Irving Jaffe, Acting Asst. Atty. Gen., Washington, D. C., Bert C. Hurn, U. S. Atty., Kansas City, Mo., and William Kanter and Frank A. Rosenfeld, Attys., Appellate Sec., Civ. Div., Dept. of Justice, Washington, D. C., for appellees.

Before BRIGHT and HENLEY, Circuit Judges, and BENSON, Chief District Judge.*

PER CURIAM.

Wanda Murray appeals from a decision of the district court for the Western District of Missouri (Judge Collinson), granting summary judgment in favor of the United States, the garnishee in appellant Murray's garnishment action brought pursuant to 42 U.S.C. § 659 against her former husband. The sole issue on appeal is whether 42 U.S.C. § 659 authorizes the garnishment of wages payable by the United States in order to enforce a judgment for attorney's fees awarded in connection with a judgment for alimony and child support.

Wanda Murray obtained a judgment from the Circuit Court of Jackson County, Missouri, dissolving her marriage and directing her former husband, Johnnie Lee Murray, to pay child support and alimony. Johnnie Lee Murray was also directed to

---

* PAUL BENSON, Chief District Judge, District of North Dakota, sitting by designation.

pay appellant's attorney's fees to the attorney. Approximately one month later, the state court ordered on its own motion that the attorney's fees be awarded to Mrs. Murray instead of her attorney. In September 1975, appellant Murray served a summons of garnishment, pursuant to 42 U.S.C. § 659, on the United States (which employs Mr. Murray) seeking unpaid child support, alimony, and attorney's fees. The garnishment action was subsequently removed to the United States District Court.

The relevant statute reads as follows:

§ 659. Consent by United States to garnishment and similar proceedings for enforcement of child support and alimony obligations

Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments. [42 U.S.C. § 659.]

The district court determined that federal law, not state law defining alimony and child support, controls in interpreting § 659. The court discussed the applicable federal law as follows:

It is settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Waivers of sovereign immunity must be construed strictly and in accordance with the principle that "suit may not be maintained against the United States in any case not clearly within the terms of the statute by which it consents to be sued." *United States v. Michel*, 282 U.S. 656, 659, 51 S.Ct. 284, 75 L.Ed. 598 (1931). Under these principles,

the scope of a waiver of immunity must be defined by the specific language of the statute in question.

In the instant case the language of § 659 is clear. The statute subjects the United States to suit for the enforcement only of "legal obligations to provide child support or make alimony payments." The statute does not by its terms grant permission to enforce a judgment for attorneys' fees and, under the rule of strict construction applicable in cases of this nature, the Court cannot infer such permission where the statute does not plainly so provide. Therefore, garnishee's motion for summary judgment will be granted and petitioner's motion for summary judgment will be denied as to the claim for attorneys' fees.

Subsequent to the decision of the district court, Congress amended and "clarified" § 659. The new provisions read, in relevant part:

SEC. 501. CLARIFICATION OF GARNISHMENT PROVISIONS.

\*     \*     \*     \*     \*     \*

(d) DEFINITIONS.—Part D of title IV of such Act is further amended by adding after section 461 (as added by subsection (c) of this section) the following new section:

"DEFINITIONS

"SEC. 462. For purposes of section 459 [42 U.S.C. § 659]—

\*     \*     \*     \*     \*     \*

"(b) The term 'child support', when used in reference to the legal obligations of an individual to provide such support, means periodic payments of funds for the support and maintenance of a child or children with respect to which such individual has such an obligation, and (subject to and in accordance with State law) includes but is not limited to, payments to provide for health care, education, recreation, clothing, or to meet other specific needs of such a child or children; *such term also includes attorney's fees*, inter-

est, and court costs, when and to the extent that the same are expressly made recoverable as such pursuant to a decree, order, or judgment issued in accordance with applicable State law by a court of competent jurisdiction.

"(c) The term 'alimony', when used in reference to the legal obligations of an individual to provide the same, means periodic payments of funds for the support and maintenance of the spouse (or former spouse) of such individual, and (subject to and in accordance with State law) includes but is not limited to, separate maintenance, alimony pendente lite, maintenance, and spousal support; *such term also includes attorney's fees*, interest, and court costs when and to the extent that the same are expressly made recoverable as such pursuant to a decree, order, or judgment issued in accordance with applicable State law by a court of competent jurisdiction. Such term does not include any payment or transfer of property or its value by an individual to his spouse or former spouse in compliance with any community property settlement, equitable distribution of property, or other division of property between spouses or former spouses." [Tax Reduction Act of 1977; Pub.L. No. 95–30, § 501, 91 Stat. 157 (May 23, 1977) (to be codified at 42 U.S.C. § 662) (emphasis added).]

The above-quoted definitions of the terms "child support" and "alimony," which the Government in its supplementary brief concedes should be applied to this appeal, now become dispositive of the issues presented in this case.[1] The judgment of the district court is therefore vacated, and the case is remanded to the district court for disposition and the entry of an appropriate judg-

ment in light of the recent clarifying amendments.[2]

Appellant is entitled to costs on appeal.

---

1. The Government's brief recites that "practical considerations warrant application of the new law in this particular case in order to avoid the inconvenience of forcing plaintiff to pursue unnecessary formalities." [Response of United States, filed June 29, 1977.]

2. The Government has filed a recent motion to now dismiss the appeal as moot because Johnnie Lee Murray has allegedly terminated his military service. We deny the motion without prejudice to its resubmission to the district court on remand.