689 P.2d 932

Bob LOCKWOOD and Josephine Lockwood, his wife, Joan H. Abrams, Ross Brown and Judith Brown, his wife, Plaintiffs-Appellees,

v.

Stan STEINER and Vera John-Steiner, his wife, and Colin Barker and Yvonne Barker, his wife, Defendants-Appellants.

No. 14762.

Supreme Court of New Mexico.

Oct. 22, 1984.

Sarah M. Singleton, Santa Fe, for defendants-appellants.

White, Koch, Kelly & McCarthy, S.S. Koch, Booker Kelly, Santa Fe, for plaintiffs-appellees.

## OPINION

STOWERS, Justice.

This is an appeal from a declaratory judgment involving a restrictive covenant which appellees (Lockwood, Abrams, and Brown) alleged prohibited appellants (Steiner) from splitting their lot into two parcels and from selling one of the parcels to appellants (Barker). After a hearing, the trial court rendered judgment for appellees. We affirm.

Appellants raise two issues on appeal:

(1) That the restrictive covenant does not create a numerical limitation on the number of residences which may be placed on the lots but merely limits the lots to a residential use; and

(2) That the appellees failed to prove they have a right to enforce the restrictive covenant on Steiners' property.

The property at issue is part of the De-Vargas Development Company Subdivision. The DeVargas Development Co. came into existence in the 1920's or 1930's. Its owner was Amelia White. In 1930, the company created a subdivision known as the De-Vargas Development Co. Subdivision No. 1

and a plat was filed. The plat was amended in 1942, 1959, and 1973.

The trial court found that all of the deeds from the DeVargas Development Co. contained a restrictive covenant limiting each lot to one private dwelling. The trial court specifically found that the covenant appears in appellants' and appellees' warranty deeds. The trial court also found that the right to enforce the covenant was given to any owner of adjacent or abutting premises.

The ten lots adjacent or behind the Steiners' range in size from 2.46 to 4.48 acres. The Steiners' lot is 2.53 acres. The zoning for the area allows one single family residence per half-acre. The area is low density housing in a low traffic area. The trial court concluded that the character of the neighborhood had been preserved by substantial adherence to the covenant, despite violations. It also concluded that there would be a substantial increase in the number of dwellings if the one house per half-acre were permitted, which would destroy the essential character of the neighborhood.

The appellants argue that the trial court's conclusion that the language in the restrictive covenant restricted each lot to one private dwelling violates well recognized principles of construction and should be reversed. They further assert that the trial court's conclusion contrasted with their requested finding that the terms "a private dwelling house * * * used as a private residence only" meant that only private dwellings can be erected on the lot. The trial court's conclusion also contrasted with appellants' requested conclusion that the restriction did not mean to prohibit lot splitting but only to prohibit apartments and commercial uses.

■ To ascertain the intention of the parties in construing a restrictive covenant, the language employed to express the covenant should be construed in the light of the whole of the instrument and the circumstances under which it was executed. *Rowe v. May*, 44 N.M. 264, 101 P.2d 391 (1940). The circumstances surrounding the

transaction must be considered as well as the object of the parties in making the restriction. *Hoover v. Waggoman*, 52 N.M. 371, 199 P.2d 991 (1948).

■ Citing the general rule, the Steiners argue that restrictive covenants should be construed against the grantor and in favor of the free use of property. *See, e.g., Heath v. Parker*, 93 N.M. 680, 604 P.2d 818 (1980). The Steiners contend that the intention of DeVargas Development Co. was to limit the use of the area to residential purposes and not to limit the number of houses that could be constructed on each lot. This Court rejected this argument in the case of *Montoya v. Barreras*, 81 N.M. 749, 750, 473 P.2d 363, 364 (1970), stating:

> These general rules can have significance only as applied to the particular facts of the individual case. Restrictive covenants must be considered reasonably, though strictly, and an illogical, unnatural or strained construction must be avoided. (Citation omitted.)

In this particular case, the restrictive covenant provides in pertinent part:

> That no building whatever except a private dwelling house with the necessary outbuildings, including a private garage, shall be erected, placed or permitted on said premises or any part thereof, and said dwelling house permitted on said premises shall be used as a private residence only * * *.

Moreover, the deed also states:

> and said dwelling house ... shall be in the style or form or appearance known as the Old Santa Fe or Pueblo-Spanish style of architecture * * *.

Reading the restrictive covenant as a whole, the trial court's construction that the restriction limited the Steiners' lot to one private residence is reasonable. With few exceptions, the conveyances to the initial lot owners all contained the identical restrictive covenant and the declaration that the restrictions constituted covenants running with the land. To permit individual lots within the area to be relieved of the

burden of the covenant would destroy the right to rely on restrictive covenants. *See Montoya v. Barreras.*

 Moreover, there was also testimony that the restriction of one private dwelling house on each lot had been consistently observed in that neighborhood throughout the thirty-five years that appellees had resided there. In similar situations where lot owners tried to split their lots in order to create multiple building lots, the DeVargas Development Co. wrote letters admonishing them that such efforts would be contrary to the covenants at issue here. Because the original purpose of the covenant and the benefits to the lots still remain, the restrictive covenant will be enforced. *See Williams v. Butler*, 76 N.M. 782, 418 P.2d 856 (1966).

Appellants also contend that the covenant is ambiguous and that the word "a" should be read as limiting the type of use and not as a numerical limitation. We disagree. As previously discussed, the terms of the deed refer to "said dwelling house" which the trial court reasonably concluded means one dwelling house.

Appellants finally contend that the appellees failed to prove that they have a right to enforce the restrictive covenant. They argue that the appellees were not parties to the deed containing the restrictive covenant which they are seeking to enforce against the Steiners. We disagree. The covenant provides that it shall bind successors, heirs, and assigns, and that it shall run with the land. *See Rowe v. May.* Furthermore, the Steiners' warranty deed provided that the property was "[s]ubject to building restrictions and covenants, and easements and rights of way of record."

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN, J., concur.